[L. A. No. 25234. In Bank. July 26, 1960.]

STAR-KIST FOODS, INC. (a Corporation), Respondent, v. JOHN R. QUINN, as County Tax Assessor, etc., et al., Appellants.

Harold W. Kennedy, County Counsel, Alfred Charles DeFlon and Carroll H. Smith, Deputy County Counsel for Appellants.

Stanley Mosk, Attorney General, James E. Sabine and Dan Kaufmann, Assistant Attorneys General, and Ernest P. Goodman, Deputy Attorney General, as Amici Curiae on behalf of Appellants.

Real & Real, M. L. Real and Bruce I. Hochman for Respondent.

J. Kerwin Rooney, Port Attorney, Port of Oakland, Robert G. Cockins, City Attorney (Santa Monica), O'Melveny & Myers, George F. Elmendorf, Bennett W. Priest, Lillick, Geary, McHose, Roethke & Myers, John C. McHose, Holbrook, Tarr & O'Neill, W. Sumner Holbrook, Jr., Francis H. O'Neill, John F. O'Hara, Horton & Foote, Joseph K. Horton, Ralph D. Sweeney, Luce, Forward, Kunzel & Scripps, Luce, Forward, Hamilton & Scripps, Fred Kunzel, James C. Hewitt, Howard H. Taylor, Oakes & Horton and Robert A. Oakes as Amici Curiae on behalf of Respondent.

TRAYNOR, J.—Star-Kist Foods, Inc., leases certain land and improvements owned by the city of Los Angeles and located within its boundaries. Its leases were made before our decision in *De Luz Homes, Inc.* v. *County of San Diego*, 45 Cal.2d 546 [290 P.2d 544], became final and were not extended or renewed thereafter. Section 107.1 of the Revenue and Taxation Code provides that such leasehold interests should be evaluated for purposes of taxation at an amount equal to the excess, if any, of the value of the interest, as determined by the formula contained in the De Luz opinion, over the present worth of the rentals to become due under the lease during its unexpired term. The assessor of Los Angeles County, however, assessed Star-Kist's leasehold interests without deducting the present worth of rentals for the unexpired terms, on the ground that section 107.1 is void because inconsistent with section 1 of article XIII and section 12 of article XI of the California Constitution.

In *Forster Shipbuilding Co.* v. *County of Los Angeles, ante,* p. 450 [6 Cal.Rptr. 24, 353 P.2d 736], we held that the last four paragraphs of section 107.1 are valid and that the assessor should have deducted the present worth of rentals for the unexpired terms of the leases. Unlike plaintiffs in the Forster case, however, Star-Kist did not apply to the Los Angeles County Board of Equalization for correction of the erroneous assessments, but sought and obtained a writ of mandate commanding the assessor to cancel those assessments and to reassess Star-Kist's leasehold interests in accordance with section 107.1.

Defendants contend that Star-Kist's failure to apply to the local board of equalization precludes judicial relief. ▮▮ Ordi-

narily a taxpayer seeking relief from an erroneous assessment must exhaust available administrative remedies before resorting to the courts. (*City & County of San Francisco* v. *County of San Mateo,* 36 Cal.2d 196, 201 [222 P.2d 860]; *Security-First National Bank* v. *County of Los Angeles,* 35 Cal.2d 319, 320-321 [217 P.2d 946]; *Dawson* v. *County of Los Angeles,* 15 Cal.2d 77, 81 [98 P.2d 495]; *Luce* v. *City of San Diego,* 198 Cal. 405, 406 [245 P. 196].) Prior application to the local board of equalization has not been required, however, in certain cases where the facts were undisputed and the property assessed was tax-exempt (*Brenner* v. *City of Los Angeles,* 160 Cal. 72, 79-80 [116 P. 397]; *Parrott & Co.* v. *City & County of San Francisco,* 131 Cal.App.2d 332, 342 [280 P.2d 881]), outside the jurisdiction (see *Kern River Co.* v. *County of Los Angeles,* 164 Cal. 751, 755-756 [130 P. 714]), or nonexistent (see *Pacific Coast Co.* v. *Wells,* 134 Cal. 471, 473 [66 P. 657]; *Associated Oil Co.* v. *County of Orange,* 4 Cal.App.2d 5, 9, 11 [40 P.2d 887]).

In the present case petitioner does not contend that its leasehold interests should be free of tax, but attacks only the assessor's failure to deduct rental values as prescribed by section 107.1. Defendants contend that any such attack upon an assessment in part rather than *in toto* raises an issue of "overvaluation" that must be presented initially to the local board. Several cases support defendants' contention. (*City & County of San Francisco* v. *County of San Mateo,* 36 Cal.2d 196, 201 [222 P.2d 860]; *Southern California Hardwood etc. Co.* v. *County of Los Angeles,* 49 Cal.App. 712, 714, 716 [194 P. 62]; see *Los Angeles etc. Co.* v. *County of Los Angeles,* 162 Cal. 164, 171 [121 P. 384, 9 A.L.R. 1277].) ▮ In *Parr-Richmond Industrial Corp.* v. *Boyd,* 43 Cal.2d 157, 165 [272 P.2d 16], however, we said: " 'While in one sense it is true that almost any mistake which results in an excessive assessment amounts to an overvaluation of the property of a taxpayer, we think there is a real and distinct difference between those cases in which it may properly be said that the error is one of overvaluation and those cases in which the overvaluation is a mere incidental result of an erroneous assessment of property which should not have been assessed.' "
▮ The necessity of recourse to the board is properly determined by the nature of the issues in dispute, and not by whether an assessment is attacked in part or *in toto.* (*Parr-Richmond Industrial Corp.* v. *Boyd,* 43 Cal.2d 157, 165 [292 P.2d 16]; *Brenner* v. *City of Los Angeles,* 160 Cal. 72, 76

[116 P. 397] ; *Associated Oil Co.* v. *County of Orange,* 4 Cal. App.2d 5, 11 [40 P.2d 887] ; see *Los Angeles etc. Corp.* v. *County of Los Angeles,* 22 Cal.App.2d 418, 422 [71 P.2d 282].)

 The only substantive issue in the present case is whether section 107.1 is unconstitutional on its face. As in cases involving only the question whether property is taxable, there is no question of valuation that the local board of equalization had special competence to decide. There is no dispute as to the facts and no possibility that action by the board might avoid the necessity of deciding the constitutional issue or modify its nature. (*Cf. Security-First National Bank* v. *County of Los Angeles,* 35 Cal.2d 319, 322 [217 P.2d 946].) Under the circumstances, therefore, recourse to the local board of equalization was not required before seeking a judicial determination of the constitutionality of section 107.1.

Star-Kist, however, could have obtained relief by paying its taxes under protest and suing for recovery thereof (Rev. & Tax Code, § 5136 et seq.), and in such an action any question of valuation pursuant to section 107.1 would be determined by remand to the board of equalization. (See *Forster Shipbuilding Co.* v. *County of Los Angeles, ante,* pp. 450, 460 [6 Cal.Rptr. 24, 353 P.2d 736].) Mandate is ordinarily denied when the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 366 [217 P.2d 951] ; see Code Civ. Proc., § 1086.) In a number of older cases courts issued mandate to set aside invalid assessments without considering the adequacy of remedies to recover taxes paid. (*State Land Settlement Board* v. *Henderson,* 197 Cal. 470 [241 P. 560] ; *Glenn-Colusa Irr. Dist* v. *Ohrt,* 31 Cal.App.2d 619 [88 P.2d 763] ; *People* v. *Board of Supervisors,* 126 Cal.App. 670 [15 P.2d 209] ; see *Anderson-Cottonwood Irr. Dist.* v. *Klukkert,* 13 Cal.2d 191 [88 P.2d 685].) In more recent cases, however, the adequacy of such remedies has been considered and mandate has been denied. (*Security-First National Bank* v. *Board of Supervisors,* 35 Cal.2d 323, 327 [217 P.2d 948] ; *Vista Irr. Dist.* v. *Board of Supervisors,* 32 Cal.2d 477, 478 [196 P.2d 926] ; *Sherman* v. *Quinn,* 31 Cal.2d 661, 665 [192 P.2d 17].)

Star-Kist attempts to distinguish *Security-First National Bank* v. *Board of Supervisors, supra,* and *Vista Irr. Dist.* v. *Board of Supervisors, supra,* on the ground that the petitioners in those cases sought mandate after the assessments were complete. The fact that Star-Kist filed its petition

for mandate before the assessment was complete, however, does not affect the adequacy of its remedy by payment of taxes under protest and suit for recovery thereof. (See *Sherman* v. *Quinn,* 31 Cal.2d 661, 665 [192 P.2d 17].)

Star-Kist contends that we should disregard *Sherman* v. *Quinn, supra,* as being irreconcilable with *Lockhart* v. *Wolden,* 17 Cal.2d 628 [111 P.2d 319], and *Eisley* v. *Mohan,* 31 Cal.2d 637 [192 P.2d 5]. In *Lockhart* v. *Wolden* mandate was issued to compel the assessor to allow petitioner an exemption as a veteran. The remedy by payment of tax and suit to recover was held inadequate, *inter alia,* because at that time a plaintiff who recovered wrongfully collected taxes could not recover interest for the period prior to judgment. (17 Cal.2d at 633.) He can now recover such interest (Rev. & Tax. Code, § 5141), and arguments based on *Lockhart* v. *Wolden* were rejected in *Sherman* v. *Quinn.* In *Eisley* v. *Mohan* mandate was denied because the challenged assessments were not erroneous, and the adequacy of the remedy by payment of taxes under protest and suit to recover was not discussed. Star-Kist contends that the remedy was impliedly held inadequate since otherwise the court would not have reached the merits of the controversy. No such implication can be made, however, because *Eisley* v. *Mohan* was decided on the same day as *Sherman* v. *Quinn,* which expressly held a comparable remedy to be adequate.

Star-Kist's reliance on *San Diego etc. Ry.* v. *State Board of Equalization,* 165 Cal. 560 [132 P. 1044], is misplaced. In that case mandamus issued to compel action by the state board to preclude local taxation of the petitioner's assets. The writ was timely to prevent the collection of local taxes and its denial would have compelled the petitioner to sue for recovery of taxes from a number of local taxing authorities. No such circumstances have been shown in the present case.

The judgment granting a peremptory writ of mandate is reversed.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

Respondent's petition for a rehearing was denied August 24, 1960. Schauer, J., was of the opinion that the petition should be granted.