[Civ. No. 21851.   First Dist., Div. Three.   Mar. 26, 1965.]

SHIRLEY STAMPS, Plaintiff and Respondent, v. THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO, Defendant and Appellant; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION, Real Party in Interest and Appellant.

Thomas M. O'Connor, City Attorney, and Jerome Cohen, Deputy City Attorney, for Defendant and Appellant.

Keil & Connolly, H. Kelly Ogle and Richard F. Dole for Real Party in Interest and Appellant.

Leonoudakis & Kleines, Stephan C. Leonoudakis and E. John Kleines for Plaintiff and Respondent.

DRAPER, P. J.—The assessor of the City and County of San Francisco assessed the possessory interest of real party in interest, as lessee of the land and improvements of the Sutter-Stockton garage, at $1,138,000. Upon application of lessee corporation to the supervisors of the city and county, sitting as a board of equalization, the assessment was reduced to zero. Plaintiff, as a taxpayer, sought relief by mandamus. The trial court issued peremptory writ requiring the board to restore the assessment. The board and lessee appeal.

The garage was built upon land owned by the city, and was financed by bonds issued by the corporation. By agreement between city and corporation, the latter agreed that, upon completion of construction, bids for the right to lease and operate the garage would be called for, and lease in the form attached to the agreement would be awarded to the highest bidder. The agreement required real party in interest to bid not less than 100 per cent of net proceeds. The garage was completed and the bid made. It was high, and the lease was awarded to real party in interest. The lease is for a term of 50 years. It requires lessee to pay all receipts from operation of the garage to a bank as trustee, which will disburse them to pay (1) the sums required for bond retirement, (2) operating expenses approved by the city controller, (3) administrative and management expenses not to exceed $10,000 per year, (4) the agreed percentage (100) of net receipts to itself for the city's account (*Larsen* v. *City & County of San Francisco*, 152 Cal.App.2d 355 [313 P.2d 959], involving an identical lease). Upon payment of all bonds, the city may terminate the lease. The corporation is the sole obligor upon the bonds, and they are secured only by its leasehold interest.

At the hearings before the board, the assessor showed that he had valued the fee interest on the same basis as comparable privately owned properties. He assumed a life of 20 years for the lease, an assumption not disputed since all parties feel that the bonds will be fully paid before the maximum lease period expires. He then computed the present value of the reversionary right of the city, and fixed the value of the leasehold upon a computation which we need not detail since it has not been questioned. He then adjusted this leasehold valuation for the proportion of actual value normally assessed for tax purposes, and reached the figure of $1,138,000.

The corporation's witnesses did not question the appraisal of the fee, nor did they attack the formula used to value the leasehold. They did assert that, under the terms of the lease, no profit could be made, and contended that the leasehold therefore had no market value. Appellants make the same argument here.

But this tax is upon property, which must be "assessed at its full cash value" (Rev. & Tax. Code, § 401), i. e. "the amount at which [it] would be taken in payment of a just debt from a solvent debtor" (Rev. & Tax. Code, § 110).

It is well settled that the assessment of a fee in land is not reduced by the encumbrances thereon. Similarly, as to a leasehold, neither amortization of investment in improvements nor rent to be paid to the fee owner is deductible in assessing for purposes of the ad valorem tax (*DeLuz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546 [290 P.2d 544]; *Fairfield Gardens, Inc.* v. *County of Solano,* 45 Cal.2d 575 [290 P.2d 562]). It is clear that the same rule extends to all rentals, whether prepaid in the past or required by the lease to be paid in the future (*Texas Co.* v. *County of Los Angeles,* 52 Cal.2d 55, 60-61 [338 P.2d 440]). Just as a fee owner who has paid too much and has a large purchase-money mortgage is nonetheless taxable on the full market value of his land, so the lessee who must pay rent and pay for improvements upon the leasehold cannot complain when his possessory interest is assessed at its market value.

Here, the essence of appellants' argument is that the amortization requirement and rental provisions leave lessee without an equity in its lease. Under the rule so clearly laid down in *De Luz, Fairfield,* and *Texas Co.,* the claimed deductions from assessed value are not available to the lessee. Since the current tax is upon the leasehold interest, and not upon the profits therefrom or the equity therein, the exemption of lessee from federal and state income taxes is not relevant.

It is argued that the city, in taxing this interest, is but delaying payment of the bonds, and thus merely deferring the date when the property will revert to it. But we are referred to no provision of constitution or statute which makes this circumstance a ground for exemption from property tax, with its inherent increase of the current tax burden of other property owners. We note, too, that this situation apparently was recognized when the lease was signed. It provides that "lessee agrees to pay whatever taxes of any kind may be assessed on this leasehold interest."

Appellants also argue that the leasehold interest is but a device to secure payment of the bonds, and thus exempt as an ''obligation by which a debt is secured'' by land (Cal. Const., art. XIII, § 1). The argument is at best tenuous, and the situation here is indistinguishable, in this respect, from the leases considered in *De Luz* and *Fairfield*. Moreover, the board of equalization did not purport to determine this issue. It properly limited itself to the question of valuation (see *Star-Kist Foods, Inc.* v. *Quinn*, 54 Cal.2d 507 [6 Cal.Rptr. 545, 354 P.2d 1]), as its counsel advised it must do.

No evidence before the board of equalization was competent to support the finding that the leasehold is without value. No attack was made upon the assessor's valuation of the fee, nor upon the formula by which he assessed the leasehold. Appellants at no time sought an assessment in some amount less than that fixed by the assessor. Rather they did and do contend only that there is no value in the leasehold because it cannot be profitable. Since that contention is not supportable, there was no evidence before the board to warrant reduction of the assessment, and thus there is no need to remand for further consideration by the board.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied April 19, 1965, and a petition by appellants for a hearing by the Supreme Court was denied May 19, 1965.