[Civ. No. 668.   Fifth Dist.   Jan. 20, 1967.]

LEWIS V. McCASLIN et al., Plaintiffs and Appellants, v. F. L. DeCAMP, as County Tax Collector, etc., et al., Defendants and Respondents.

C. Ray Robinson and William T. Ivey, Jr., for Plaintiffs and Appellants.

Frederick W. Reyland, Jr., County Counsel, Clayton M. Ham, T. W. Martz and Jonathan H. Rowell, Deputy County Counsel, for Defendants and Respondents.

GARGANO, J.—Plaintiffs Central California Irrigation District, a tax-exempt public agency (hereafter referred to as the district), and Lewis V. McCaslin (hereafter referred to as McCaslin) commenced this action by filing a complaint in the Superior Court of Stanislaus County against the assessor, the tax collector and the board of supervisors of said county, to declare void a possessory interest assessment made by the assessor, to enjoin collection of the resulting tax levied against this interest and to enjoin the defendants from making similar assessments in the future. According to the allegations of the original complaint, the district, on the first Monday of March 1965, owned a single-family residence which was occupied by district employee McCaslin and his family. McCaslin was paying the district a monthly rental for the use and occupancy of this residence, and claimed no interest therein ''other than as a tenant on a month-to-month basis.'' In 1965 McCaslin was assessed as the owner of a possessory interest in this residence, and a tax was levied against his possessory interest. The defendants demurred to the plaintiffs' complaint and the demurrer was sustained with leave to amend. Plaintiffs then filed a first amended complaint, omitting therefrom the allegations that McCaslin paid the district a monthly rental for the premises and that he claimed no interest therein ''other than as a tenant on a month-to-month

basis.'' (They merely alleged that McCaslin claimed no interest in the property.) They further alleged that McCaslin occupied the residence at the district's request in connection with his duties as a district employee, and that the district could terminate his occupancy without notice. Defendants' demurrer to the first amended complaint was sustained without leave to amend. Accordingly, judgment was granted in favor of the defendants and the plaintiffs appealed.

In support of the trial court's ruling sustaining their demurrer without leave to amend, defendants contend that the facts alleged in the plaintiffs' first amended complaint disclose that McCaslin had a possessory interest in the district's property in 1965 when the assessment was made, and that at best plaintiffs are complaining of an erroneous (but not void) assessment. They therefore argue that if McCaslin was dissatisfied with the assessment he should have appealed for relief (pursuant to the provisions of chapter 1, division 1, part 3, commencing with section 1601 of the Revenue and Taxation Code) to the Board of Supervisors of Stanislaus County sitting as the county board of equalization; and since the complaint fails to allege that he did so, it does not state a cause of action for the judicial relief requested. It is the general rule that a taxpayer seeking judicial relief from an erroneous assessment must exhaust his remedies before the administrative body empowered initially to correct the error before seeking judicial review. (*Security-First Nat. Bank* v. *County of Los Angeles*, 35 Cal.2d 319 [217 P.2d 946], cert. den. 340 U.S. 891 [95 L.Ed. 646, 71 S.Ct. 207].)

Plaintiffs urge, however, that McCaslin did not have a taxable interest, possessory or otherwise, in the district's property in 1965 (and that the complaint so indicates); consequently, plaintiffs' sole contention is that the possessory interest assessment made by the defendant county assessor was totally void. Thus, plaintiffs readily admit that McCaslin did not apply for relief to the county board of equalization. They simply assert that McCaslin was not required to do so because the general rule relied upon by defendants is inapplicable where, as here, the assessment is against non-existent property. As stated in *Star-Kist Foods, Inc.* v. *Quinn*, 54 Cal.2d 507, 510 [6 Cal.Rptr. 545, 354 P.2d 1]:

''. . . Prior application to the local board of equalization has not been required, however, in certain cases where the facts were undisputed and the property assessed was tax-

exempt (*Brenner* v. *City of Los Angeles,* 160 Cal. 72, 79-80. [116 P. 397]; *Parrott & Co.* v. *City & County of San Francisco,* 131 Cal.App.2d 332, 342 [280 P.2d 881]), outside the jurisdiction (see *Kern River Co.* v. *County of Los Angeles,* 164 Cal. 751, 755-756 [130 P. 714]), or non-existent (see *Pacific Coast. Co.* v. *Wells,* 134 Cal. 471, 473 [66 P. 657]; *Associated Oil Co.* v. *County of Orange,* 4 Cal.App.2d 5, 9, 11 [40 P.2d 887])."

. Consequently, the only question presented in this appeal is whether the facts alleged in the plaintiffs' complaint disclosed that McCaslin had a possessory interest in the district's property as defendants contend, or whether said facts indicate that he had no taxable interest therein as plaintiffs contend.

It is clear that leasehold and similar possessory interests in tax-exempt land or improvements are taxable property rights under the California Revenue and Taxation Code (Rev. & Tax. Code, §§ 103, 104, 107). Furthermore, the validity of such assessments has long been upheld by the appellate courts of this state. (*State of California* v. *Moore,* 12 Cal. 56; *People* v. *Shearer,* 30 Cal. 645; *L. E. White Lumber Co.* v. *County of Mendocino,* 177 Cal. 710 [171 P. 799]; *Kaiser Co.* v. *Reid,* 30 Cal.2d. 610 [184 P.2d 879]; *Hammond Lumber. Co.* v. *County of Los Angeles,* 104 Cal.App. 235 [285 P. 896].) In fact, in *Tilden* v. *County of Orange,* 89 Cal.App.2d 586, 587-588 [210 P.2d 86], the court, in discussing the assessment of possessory interests, had this to say:

"The general rule is that there can be but one assessment of the entire estate in real property, which assessment includes the value of both the estate for years and the remainder or reversion, and the mortgagor or. lessor of the real estate is liable for. the taxes thereon. (*Graciosa Oil Co.* v. *County of Santa Barbara,* 155 Cal. 140, 143 [99 P. 483, 20 L.R.A. N.S. 211]; *Central Manufacturing Dist.* v. *State Board of Equalization,* 214 Cal. 288, 293 [5 P.2d 424].) There is an exception to the rule where the reversion is exempt from taxation, as where the land is owned by the state or a municipality. In such case the possessory right in the public land is private property and may be assessed for purposes of taxation to the person in possession. (*San Pedro etc. R.R. Co.* v. *Los Angeles,* 180 Cal. 18, 23 [179 P. 393].) The possession itself of public lands and the improvements thereon is a valuable property interest and is assessable. (*Kaiser Co.* v. *Reid,* 30 Cal.2d 610, 618 [184 P.2d 879].)

"Where there is a lease of land owned by the state or municipality, the reversion being exempt from taxation, the usufructuary interest alone is subject to tax in proportion to its value; . . ."

As we have indicated, plaintiffs do not dispute the county's power to assess possessory interests. To the contrary, they admit in their brief that "it is clear that when property owned by a tax-exempt agency is *rented or leased to an individual*, the estate of the private tenant or lessee may be assessed and taxed." Thus, plaintiffs' own admission is determinative of the issues presented in this appeal. This follows for they alleged in their original verified complaint that McCaslin paid the district a monthly rental for the use and occupancy of the defendants' single-family residence, and that *he claimed no interest therein other than as a tenant on a month-to-month basis.* ■ It is settled that if a verified pleading contains an allegation which renders a complaint vulnerable, the defect cannot be cured by simply omitting the allegation without explanation in a later pleading. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]; *Williamson* v. *Joyce,* 137 Cal. 151 [69 P. 980].)

We will nevertheless consider plaintiffs' arguments in support of their contention that their pleadings allege sufficient facts from which it may be concluded that McCaslin did not have a possessory interest in the district's property in 1965 when the possessory interest assessment was made. In this respect, they state that it is so because they have alleged that McCaslin occupied the district's property as an employee at the complete sufferance of the district, and further that he occupied the property at the district's request in connection with his employment by the district and therefore the property was being used for a district purpose, entitling it to its tax-exempt status.

■ Plaintiffs' arguments are without merit. According to the pleadings, McCaslin was occupying the premises as a district employee and in connection with his duties. Moreover, for the purpose of this appeal, we will assume that his employment could be terminated at the will of the district and that this in turn would terminate his right to occupy the premises. It is also apparent from the pleadings, however, that McCaslin was occupying the district's single-family residence with his family and that he was paying a monthly rental therefor. Therefore, until actual termination of his employ-

ment by the district he had the exclusive use and possession of the premises for a residence, not only for himself but for the members of his family as well.[1] This exclusive use and possession was sufficient to create a possessory interest even though conditioned on McCaslin's employment, which could be terminated by the district.[2] This is true for the test is not whether the tax-exempt agency has a right to terminate the tenancy or occupancy, or whether the taxpayer has a non-transferable interest, but whether he has the exclusive use and possession of the property against all the world, including the owner. (*Kaiser* v. *Reid, supra,* 30 Cal.2d 610.) In other words, if the employee's right to the use and possession of the employer's real property is in common with other employees, or if it is subordinate to the right of possession of the employer, the employee's right is a mere permit or license which is not taxable. But, if his use and possession are exclusive to others, including the employer, and particularly when he is paying rent therefor, it is a possessory interest under Revenue and Taxation Code section 107, and the right of the employer to terminate the employment and hence the occupancy is only a factor to be considered in fixing its value (*Rand Corp.* v. *County of Los Angeles,* 241 Cal.App.2d 585 [50 Cal.Rptr. 698]).[3] As stated in *Kaiser, supra,* 30 Cal.2d 610, 619, ''Such provisions for cancellation and termination, however, did not establish plaintiff's right to use the shipyards as no more than a permit or license which could not be responsible for a 'property' tax. As stated in *Von Goerlitz* v. *Turner,* 65 Cal.App.2d 425, at page 429 [150 P.2d 278] : 'The test . . . ''whether an agreement for the use of real estate is a license or a lease is whether the contract gives *exclusive possession of the premises against all the world, including the owner,* in which case it is a lease, or whether it merely confers

---

[1]In *San Francisco etc. Soc.* v. *Leonard,* 17 Cal.App. 254 [119 P. 405], the court held that although the employee's right to possession of the employer's premises terminated by virtue of the termination of his employment, he could not be driven off of the premises, and if the employer had done so it would have been guilty of a forceful entry.

[2]Even though the right of possession may have been created by the employment relationship, it is well settled that for the purpose of taxation the definitions of real property in the revenue and taxation laws of the state control whether they conform to definitions used for other purposes or not. (*Trabue Pittman Corp.* v. *County of Los Angeles,* 29 Cal. 2d 385 [175 P.2d 512].)

[3]In *Rand Corp.* v. *County of Los Angeles,* 241 Cal.App.2d 585, 588 [50 Cal.Rptr. 698], the court said: ''. . . The right to cancel 'in the best interests of the Government' did not destroy the exclusiveness of Rand's possession.''

a privilege to occupy under the owner, in which case it is a license, and this is a question of law arising out of the construction of the instrument.'' ' . . .''

Plaintiffs' argument relating to the use of the district's property for a district purpose is similar to those voiced in the past by other taxpayers and unequivocally rejected by our Supreme Court. For example, in *Kaiser*, the taxpayer was using government-owned shipyards to build ships for the use of the government. Thus, the government property was obviously being used for a government purpose. However, there as here, the assessment was not against the government nor against government property. It was against the private party's usufructuary right in tax-exempt public property.

Since plaintiffs' complaint clearly indicates that McCaslin had a possessory interest in the district's property in 1965 when the possessory interest assessment was made by the defendant county assessor, the court correctly sustained the defendants' demurrer without leave to amend.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.