[Civ. No. 35247. Second Dist., Div. Five. July 27, 1970.]

BRYAN W. STEVENS, Plaintiff and Appellant, v.
BOARD OF EDUCATION OF THE SAN MARINO
UNIFIED SCHOOL DISTRICT, COUNTY OF LOS ANGELES et al.,
Defendants and Respondents.

## Counsel

Bryan W. Stevens, in pro. per., for Plaintiff and Appellant.

John D. Maharg, County Counsel, James W. Briggs, Assistant County Counsel, and Kenneth D. Reynolds, Deputy County Counsel, for Defendants and Respondents.

## Opinion

**FRAMPTON, J.**\*—The facts giving rise to this appeal are set forth below.

At all times relevant to the issues, appellant was a permanent certified employee of the San Marino Unified School District (hereinafter referred to as "District"), serving as a classroom teacher.

On at least 12 days in the calendar year 1968 appellant was absent from his teaching duties for the District. On those days appellant appeared before the Los Angeles County Assessment Appeals Board in connection with an application he had filed to have the assessments raised on certain undeveloped real property owned by the Honorable Ronald Reagan and other real property owned by Fox Realty Corporation.

On or about May 16, 1968, after appellant had absented himself from his teaching duties for 10 days in the year 1968 in order to appear before the assessment appeals board in connection with his application above referred to, he requested that the District pay him his salary for six of the days of absence pursuant to Education Code, section 13468.5, and the San Marino Unified School District Teachers' Handbook relating to personal emergency leave. The school board denied appellant's claim.

On December 23, 1968, appellant filed in the court below a petition for writ of mandate seeking to compel respondents to pay him his salary for the six days on which he appeared before the assessment appeals board.

The trial court, after hearing, entered judgment denying the petition. The appeal is from the judgment.

Appellant urges that (1) appearance before the county assessment appeals board is either a "personal emergency" or "appearance in court as a litigant" under section 13468.5 of the Education Code, and (2) mandamus

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

was a proper remedy to compel the school board to pay monies owing to him under the provisions of section 13468.5.

Section 13468 of the Education Code provides for an allowance for certified employees of school districts, employed full time, of a minimum of 10 days sick leave at full pay for a school year of service.

Section 13468.5 of the Education Code read, at the time of the incident here under consideration, as follows:

"Any days of leave of absence for illness or injury allowed pursuant to Section 13468 may be used by the employee, at his election, in cases of personal emergency, including any of the following:

"(a) Death of a member of his immediate family.

"(b) Accident, involving his person or property, or the person or property of a member of his immediate family.

"(c) Appearance in court as a litigant; or as a witness under an official order.

"The governing board of each school district shall adopt rules and regulations requiring and prescribing the manner of proof of personal emergency for purposes of this section. No such accumulated leave in excess of six (6) days may be used in any school year for the purposes enumerated in this section." (Stats. 1965, ch. 2067, § 1, p. 4812.) This section was amended by the Legislature in 1968 by substituting the word "necessity" for the word "emergency," and by adding subdivision (d) to the section providing "Such other reasons which may be prescribed by the governing board." (Ed. Code, § 13468.5 as amended in 1968.)

Section 13657 of the Education Code contained a similar provision relating to classified employees of a school district, except that subdivision (c) thereof provided for not to exceed six days for "Appearance in any court or before any administrative tribunal as a litigant, party, or witness under subpoena or any order made with jurisdiction." (Stats. 1967, ch. 259, p. 1411.)

It is significant that in 1968 the Legislature amended both sections 13468.5 (certified employees) and 13657 (classified employees) by the same bill enacted as Statutes, 1968, chapter 1340, which amendments retain the language respectively as such statutes read prior to their amendment, to wit: "Appearance in court as a litigant," (§ 13468.5) and "Appearance in any court or before any administrative tribunal . . ." (§ 13657).

■ It appears to be clear from the foregoing legislative history that the Legislature by the use of the word "court" in section 13468.5, did not

intend to extend its meaning, at least as it relates to litigants, to include administrative tribunals, but intended the word to include only those tribunals commonly known as "courts," created and deriving their powers pursuant to the Constitution and laws of the United States and of the states.

Assessment appeals boards perform functions formerly exercised by county boards of supervisors sitting as a county board of equalization. (Cal. Const., art. XIII, § 9.5.) ■ "Courts are tribunals which exercise functions of a strictly judicial character, . . . Boards of supervisors, common councils, and other local boards, while they may be invested with mixed powers, including, among others, the power to act judicially in a matter before them, are not courts. At best, they are, in the exercise of that power, proceeding as *quasi* judicial bodies, something quite distinct from courts, and in no manner do they constitute inferior courts, as that term is used in the constitution." (*Chinn* v. *Superior Court*, 156 Cal. 478, 482 [105 P. 580]; cf. *Sacramento Newspaper Guild* v. *Sacramento County Board of Supervisors*, 263 Cal.App.2d 41, 47 [69 Cal.Rptr. 480], and *Savage* v. *Sox*, 118 Cal.App.2d 479, 488 [258 P.2d 80].)

Where it was urged that failure to apply to the local board of equalization (board of supervisors) precluded judicial relief, it was held, "Ordinarily a taxpayer seeking relief from an erroneous assessment must exhaust available administrative remedies before resorting to the courts. [Citations.] Prior application to the local board of equalization has not been required, however, in certain cases where the facts were undisputed and the property assessed was tax-exempt [citations], outside the jurisdiction [citation], or non-existent [citation]." (*Star-Kist Foods, Inc.* v. *Quinn*, 54 Cal.2d 507, 509-510 [6 Cal.Rptr. 545, 354 P.2d 1].) Other cases refer to applications before local boards of equalization as administrative remedies. (*Lockheed Aircraft Corp.* v. *County of Los Angeles*, 207 Cal.App.2d 119 [24 Cal. Rptr. 316]; *El Tejon Cattle Co.* v. *County of San Diego*, 252 Cal.App.2d 449 [60 Cal.Rptr. 586].) Similarly, in *Griffith* v. *County of Los Angeles*, 267 Cal.App.2d 837, 844 [73 Cal.Rptr. 773], the court stated, in considering a decision of the Los Angeles County Board of Supervisors sitting as a board of equalization: "It is not our function to weigh conflicting substantial evidence nor should the superior court when it is reviewing administrative board decisions."

In the case which appellant cites and relies on for the proposition that a county board of equalization exercises judicial functions, the court refers to "relief in the courts" from a denial of the taxpayers application before the board of equalization. (*Southern Pac. Land Co.* v. *County of San Diego*, 183 Cal. 543, 547 [191 P. 931].)

The assessment appeals boards are created by county ordinance under

authority of the Constitution. Under such authority the Legislature is empowered to limit the number, in excess of one, of such boards; to prescribe the qualifications and manner of selection and appointment of persons who serve on such boards; and to provide for the terms for which members will serve, to provide for their removal and for the procedure for the discontinuance of such boards. (Cal. Const., art. XIII, § 9.5; cf. Rev. & Tax. Code, §§ 1620-1628.) There is nothing in the law creating such boards which suggests that they are to be recognized as courts. In the absence of a clear manifestation of intent in the Constitution, we are of the opinion that the assessment appeals board is not a "court" as that term is used in section 13468.5 of the Education Code, and that appellant, by filing his application for the increase in the assessment of land, title to which was held by others, and in which appellant had no interest, did not constitute an "Appearance in court as a litigant" as those terms are used in the section.

The foregoing is not to be understood as a holding that a certified employee of a school district may not be entitled to recover lost compensation where he attends a meeting of an assessment appeals board under compulsion of a subpoena, thus creating a personal necessity for such attendance. (Ed. Code, § 13468.5 as amended in 1968.)

Appellant urges that even if his absences were not occasioned by "appearance in court as a litigant," those absences were nevertheless occasioned by a "personal emergency" within the meaning of Education Code, section 13468.5.

The trial court found that "petitioner has failed to show personal necessity or emergency as a cause of his absence from his teaching position while he was appearing as the applicant in case Nos. 00-0226 and 00-0227 before the Los Angeles County Assessment Appeals Board . . . ."

Quoting from Webster's International Dictionary, an emergency has been defined as "An unforseen occurrence or combination of circumstances which calls for an immediate action or remedy; pressing necessity, exigency." (*San Christina etc. Co.* v. *San Francisco,* 167 Cal. 762, 773 [141 P. 384, 52 L.R.A. N.S. 676]; see also *Collins* v. *Marsh,* 176 Cal. 639, 642 [169 P. 839]; *Burr* v. *San Francisco,* 186 Cal. 508, 514 [199 P. 1034, 17 A.L.R. 581]; *County of Los Angeles* v. *Payne,* 8 Cal.2d 563, 570-573 [66 P.2d 658]; *Fennessey* v. *Pacific Gas & Elec. Co.,* 20 Cal.2d 141, 143-144 [124 P.2d 51].)

 Appellant's appearances before the assessment appeals board, under the circumstances here shown, were not unforeseen, nor did they arise from a personal pressing necessity or exigency. Such appearances followed, and

were based upon, an application voluntarily filed by appellant for the purpose of obtaining a revision of the assessed valuation of property in which he had no interest. It cannot be said, as a matter of law, that such activities, voluntarily undertaken, constitute a personal emergency as that term is used in section 13468.5 of the Education Code. There is nothing in the record to indicate that appellant's voluntary appearances before the assessment appeals board were of such benefit to the respondent District that it should be compelled to expend public funds to reimburse appellant for his absences from his regular duties to make such appearances.

Appellant urges that the trial court erred in holding that a petition for writ of mandate is not the proper remedy as appellant had an adequate remedy at law.

In view of the conclusions reached therein, we deem it unnecessary to comment on this contention.

The judgment is affirmed.

Stephens, Acting P. J., and Aiso, J., concurred.

A petition for a rehearing was denied August 20, 1970, and appellant's petition for a hearing by the Supreme Court was denied September 24, 1970.