[Civ. No. 36884. First Dist., Div. Two. June 29, 1976.]

EXCHANGE BANK, Plaintiff and Respondent, v.
COUNTY OF SONOMA, Defendant and Appellant.

**COUNSEL**

James P. Botz, County Counsel, and Lynda Millspaugh, Deputy County Counsel, for Defendant and Appellant.

Anderson, McDonald, Belden & Kelly and John E. McDonald for Plaintiff and Respondent.

**OPINION**

**KANE, J.**—In consolidated actions to recover taxes paid under protest plaintiff prevailed. County appeals, contending that the taxpayer failed to exhaust its administrative remedies before the county board of supervisors sitting as a board of equalization.

The facts are undisputed. Plaintiff bank was the lessee of an IBM data processing unit which is five feet high, six feet long, two feet eight inches wide, is mounted on wheels, and is easily movable. It was connected to the building in which it was situated only by an electrical cable plugged into a wall or floor socket.

Taxes were assessed on the assertion that the unit was a fixture of the realty.[1] The trial court agreed with the bank's claim that it was exempt from local ad valorem taxation on personal property under article XIII, section 16, of the California Constitution.

■ While ordinarily a taxpayer seeking relief from an erroneous assessment must exhaust available administrative remedies before resorting to the courts, an exception is made when the assessment is a nullity as a matter of law (*Stenocord Corp.* v. *City etc. of San Francisco* (1970) 2 Cal.3d 984, 987 [88 Cal.Rptr. 166, 471 P.2d 966]) and no factual questions exist regarding the valuation of the property which, upon review by the board, might be resolved in the taxpayer's favor, thereby making further litigation unnecessary (*Star-Kist Foods, Inc.* v. *Quinn* (1960) 54 Cal.2d 507 [6 Cal.Rptr. 545, 354 P.2d 1]).

Here, the facts were not in dispute. The single question was a legal one—whether the IBM unit was personalty or realty, a question that the local board had no special competence to decide.

"Prior application to the local board of equalization has not been required, however, in certain cases where the *facts were undisputed and the property assessed was tax-exempt* . . . ." (*Star-Kist Foods, Inc.* v. *Quinn, supra* at p. 510; emphasis added.) This is precisely such a case.

In addition to the stare decisis mandate, however, we cannot overlook the inequitable result which would flow from a contrary conclusion in the case at bench. Here, the board of equalization determined that the data processing unit was not a fixture for fiscal year 1971-1972. To permit the county to retain the taxes collected for the earlier years would constitute unjust enrichment (*Brenner* v. *Los Angeles* (1911) 160 Cal. 72, 80 [116 P. 397]).

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.

---

[1] For the 1971-1972 tax year, however, the county agreed that the unit was personalty.