**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**COUNTY OF HUMBOLDT, CALIFORNIA; Raymond J. Flynn, Humboldt County, California, Tax Assessor; and Stephen A. Strawn, Humboldt County, California, Treasurer–Tax Collector, Defendants–Appellants.**

**UNITED STATES of America, Appellee,**

v.

**COUNTY OF YUBA, CALIFORNIA, and Glen McDougal, County Assessor, Yuba County, California, Appellants.**

Nos. 78–2330, 78–2681.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1980.

Decided Sept. 24, 1980.

Charles P. Selden, Eureka, Cal., Timothy P. Hayes, Marysville, Cal., argued, for United States; Raymond W. Schneider, Eureka, Cal., on brief.

David English Carmack, Washington, D.C. (argued) and Gilbert Andrews, Washington, D.C., on brief, for defendants–appellants.

Before WRIGHT, KENNEDY and POOLE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The United States brought these actions to enjoin the collection of state possessory interest taxes from military personnel residing in government–owned housing. In each case the district court granted the government's motion for summary judgment, declaring the taxes invalid and enjoining their collection. We have consolidated the cases and affirm.

*FACTS*

The government supplies rent–free housing to military personnel on–base at Beale Air Force Base in Yuba County, and five miles off–base near Centerville Beach Naval Facility in Humboldt County. Each county notified the military commander that it would assess a possessory interest tax on the occupants of government housing pursuant to California law.[1] The United States sought declaratory and injunctive relief and its motion for summary judgment in each case was granted. Judge Renfrew's opinion in No. 78–2330 is reported at 445 F.Supp. 852, and was followed by Judge MacBride in granting summary judgment in No. 78–2681.

---

1. California Constitution, art. 13, § 1 provides in part that

"[u]nless otherwise provided by this Constitution or the laws of the United States:

"(a) All property is taxable  *  *  *.

"(b) All property  *  *  *  shall be taxed in proportion to its full value."

Section 107.1 of the California Revenue & Taxation Code provides in part:

"The full cash value of [a] possessory interest, when arising out of a lease of exempt property, is the excess, if any, of the value of the lease on the open market, as determined by the formula contained in the case of *De Luz Homes, Inc. v. County of San Diego* (1955), 45 Cal.2d 546, 290 P.2d 544, over the present worth of the rentals under said lease for the unexpired term thereof.

"A possessory interest taxable under the provisions of this section shall be assessed to the lessee on the same basis or percentage of

valuation employed as to other tangible property on the same roll.

"This section applies only to possessory interests created prior to the date on which the decision of the California Supreme Court in *De Luz Homes, Inc. v. County of San Diego* (1955), 45 Cal.2d 546, 290 P.2d 544 became final. It does not, however, apply to any of such interests created prior to that date that thereafter have been, or may hereafter be, extended or renewed, irrespective of whether the renewal or extension is provided for in the instrument creating the interest."

Section 107 defines "possessory interests" as:

"(a) Possession of, claim to, or right to the possession of land or improvements, except when coupled with ownership of the land or improvements in the same person.

"(b) Taxable improvements on tax–exempt land."

*DISCUSSION*

■ Each trial court held the tax impermissible because, under California law, the serviceman's interest in government–supplied housing is not a possessory one. We agree with this interpretation of California law, although on somewhat different grounds.[2] We may affirm a judgment on any basis supported by the record. *Thos. P. Gonzalez Corp. v. Consejo Nacional, etc.,* 614 F.2d 1247, 1256 (9th Cir. 1980). We shall reach the constitutional issue of federal immunity from state taxation to make clear that even if a state court disagreed with our construction of its law this tax would still be impermissible.

1. *State Law*

■ Because the California courts have not yet decided the question before us, we sit as a state court and look for guidance to relevant appellate decisions. *Lewis v. Anderson,* 615 F.2d 778, 781 (9th Cir. 1979). We grant substantial deference to the determination of state law by a district judge residing in that state, and will reverse his decision only if "clearly wrong." *Transport Indemnity Co. v. Liberty Mutual Insurance Co.,* 620 F.2d 1368, 1370 (9th Cir. 1980).

■ California courts have upheld the state's right to assess an interest in land falling short of fee ownership.[3] The California Revenue and Taxation Code defines a "possessory interest" as:

(a) Possession of, claim to, or right to the possession of land or improvements, except when coupled with ownership of the land or improvements in the same person.
(b) Taxable improvements on tax–exempt land.

Cal.Rev. and Tax.Code § 107.

While the courts have recently expanded the range of taxable possessory interests, *see generally,* Comment, The California Possessory Interest Tax, 17 Santa Clara L.

R. 827 (1977), four elements have always been required:

whether a particular interest is a taxable possessory one is a question for case–by–case resolution; the principal factors are exclusiveness, independence, durability and private benefit.

*Dressler v. County of Alpine,* 64 Cal.App.3d 557, 564, 134 Cal.Rptr. 554, 558 (1976).

■ A serviceman's interest in government–supplied housing is neither private nor durable. The fact that the housing is not a private benefit to him or her is best shown by the facts that no rent is paid and its value is not included in gross income for income tax purposes. Treas. Reg. 1.162–2(b).

The absence of durability is evident from the nature of military life. The soldier must be prepared to move on short notice as the needs of the military require. The government's right to terminate the tenancy at will makes the soldier, sailor or airman in effect a tenant at sufferance, and makes his interest something less than possessory. We stress that the government's right to reassign the person and thereby revoke the tenancy is not merely theoretical, for such reassignments and transfers are frequent.

California courts have recognized possessory interests when the government had the right to revoke the tenancy at will. In each case, however, the right was more theoretical than real. In *United States v. County of Fresno,* 50 Cal.App.3d 633, 639, 123 Cal.Rptr. 548, 551 (1975), *aff'd on other grounds,* 429 U.S. 452, 97 S.Ct. 699, 50 L.Ed.2d 683 (1977) the court stated:

the fact that a possessory right . . . is revocable at the will of the government [citation omitted] . . . does not mean, per se that there is no [revocable] interest.

The court went on to point out, however, that:

---

**2.** The district court rested its conclusion on an old federal case without referring to California possessory interest cases. We believe its decision is strengthened by an examination of such cases.

**3.** *See generally,* Smith, "Taxing Possession of Federal Property," 4 Santa Clara Lawyer 166 (1964); "Comment, The California Possessory Interest Tax: A Time Honored Concept Gets A New Twist," 17 Santa Clara L. R. 827 (1977).

while the forest service had the power to terminate the occupancy at any time . . . the record shows that it seldom did.

50 Cal.App.3d at 640, 123 Cal.Rptr. at 551–552.

The court had earlier stated that the elements necessary to establish a possessory interest could be created "either by express agreement or tacit understanding of the parties." 50 Cal.App.3d at 638, 123 Cal. Rptr. at 551. The fact that the forest service seldom exercised its right to terminate the tenancy indicated a tacit understanding that the tenancy would continue so long as the ranger continued to do satisfactory work.

In the other cases cited by the *County of Fresno* court the right of termination was similarly conditional.[4] Generally, these involve clauses which allowed the government to terminate the occupancy for good cause. The serviceman has no tacit agreement that he may occupy the housing so long as he performs his duties well. On the contrary, superior or excellent job performance might lead to promotion and transfer. In any event, his tenancy does not rise to the level of a possessory interest.[5]

### 2. *Federal Law*

This court has recently stated:

As early as 1819, the United States Supreme Court in *M'Culloch v. Maryland*, 4 Wheat. 316, 4 L.Ed. 579 (1819), held that under the United States Constitution the properties, functions, and instrumentalities of the federal government are immune from taxation by its constituents. Since that case, the United States Supreme Court has not departed from that basic doctrine.

*United States v. County of Los Angeles*, 588 F.2d 1308, 1310 (9th Cir. 1979).

In *United States v. County of Fresno*, 429 U.S. 452, 97 S.Ct. 699, 50 L.Ed.2d 683 (1977) relied on by the counties here, the Court upheld the constitutionality of a possessory interest tax on government housing rented by forest service employees. The Court noted that:

[t]he legal incidence of the tax involved in this case falls neither on the Federal Government nor on federal property. The tax is imposed solely on *private citizens* who work for the Federal Government.

429 U.S. at 464, 97 S.Ct. at 705 (emphasis supplied).

---

4. The court cited three cases at 50 Cal.App.3d, p. 639, 123 Cal.Rptr., p. 551, for the proposition that a possessory interest may exist even if the occupancy is revocable at the will of the owner.

In *McCaslin v. DeCamp*, 248 Cal.App.2d 13, 56 Cal.Rptr. 42 (1967), the occupant of a house owned by his employer, a state agency, was permitted to live there so long as he was employed by the agency.

In *Rand Corp. v. County of Los Angeles*, 241 Cal.App.2d. 585, 50 Cal.Rptr. 698 (1966), the court implied that the government's right to terminate the contract was highly theoretical. 50 Cal.Rptr. at 699–701.

In *Board of Supervisors v. Archer*, 18 Cal. App.3d 717, 96 Cal.Rptr. 379 (1971), the court specifically upheld the durability requirement, as explained in *Dressler, supra*, 64 Cal.App.3d at 564, 134 Cal.Rptr. at 558.

5. The California State Board of Equalization has codified the durability requirement pursuant to its rulemaking authority. Title 18, California Administrative Code, § 22 reads:

**22. Continuity of Possessory Interests.** (a) The continuity of possession or exclusive use necessary to establish a possessory interest will vary according to the location and character of the property. The continuity of use necessary for finding a possessory interest to exist is satisfied when the possessor of the property uses it to substantially the same extent as would an owner engaged in the same activity.

(b) Standards for determining the existence of taxable possessory interests based on continuity are:

(1) Actual or constructive possession or exclusive use of property on the lien date for the current year.

(2) Recurrent possession or exclusive use, whether or not the period extends through the lien date; when there is a history on the lien date of recurring use by the present or former possessors making a similar use of the property.

(3) Infrequent actual possession or exclusive use on a recurrent basis when the continuation of the right to possession or exclusive use is conditioned on or evidenced by the possessor having made a contribution to the value of the property by way of investment on or near the property occupied.

The Court said that the government might be forced to reimburse its employees for the state tax but, "[t]here is no other respect in which the tax involved in this case threatens to obstruct or burden a federal function." *Id.*

The result here is not the same. If a state may tax a soldier for his possession of a housing unit then the military's entire recruitment and quartering processes could be thrown into confusion. First, unlike the forest ranger, the soldier pays no rent for his quarters. Free housing is one of several important inducements needed to maintain a fully–staffed military. *See Frontiero v. Richardson*, 411 U.S. 677, 679, 93 S.Ct. 1764, 1766, 36 L.Ed.2d 583 (1973). If a soldier were required to pay taxes on his housing, his incentive to enlist or re–enlist would be reduced.

Second, because some states impose possessory interest taxes and others do not, service personnel in one state would have free housing while those in a state, such as California would have to pay for it. It would follow that military commanders would receive requests for transfers away from taxing states to non–taxing states. There would be the negative effect on morale that accompanies disproportionate pay for similar rank. Those currently stationed in non–taxing states, if transferred to a taxing state, might choose discharge or retirement from the service.

The above considerations persuade us that the tax in this case is one that is imposed upon federal functions and properties, and therefore that it cannot be sustained. The judgments below are affirmed.

POOLE, Circuit Judge, concurring:

I concur with the majority in affirming the judgment of the district court, but respectfully disagree with the holding that a soldier's interest in the free quarters provided to him and his family by the Armed Services does not constitute a taxable possessory interest under California Revenue and Tax.Code § 107.

I believe that free housing provided to the military is a private benefit because it relieves them of the expense of paying for housing elsewhere. *See United States v. County of Fresno*, 429 U.S. 452, 465–466, 97 S.Ct. 699, 706, 50 L.Ed.2d 683 (1976). The soldier and his family have the same exclusive use of the quarters during their occupancy as do civilians, and the controls exercised by the Armed Services do not substantially diminish that use and enjoyment. Superior authority may indeed terminate the tenancy at will but until they do so, every element of possessory interest exists. The susceptibility to interference with possession does not eliminate the possessory interest but relates only to its valuation. *E.g., Lucas v. County of Monterey*, 65 Cal. App.3d 947, 955, 135 Cal.Rptr. 707, 712–13 (1977); *United States v. County of Fresno*, 50 Cal.App.3d 633, 639, 123 Cal.Rptr. 548, 551 (1975). Applying the four factors generally examined by California courts, I believe the soldier's interest in his free quarters is possessory and therefore taxable insofar as § 107 is concerned.

Despite the above analysis, I agree that the attempted imposition of this tax contravenes the Supremacy Clause of the Constitution of the United States. Under federal authority, the housing provided to members of the military and their dependents is in direct service of important defense considerations. Military personnel pay neither rent nor income tax on the value of the housing. The state could not impose the tax as against the federal government because it has no power to do so. California, however, seeks to exact the charge from the servicemen to whom Congress has provided housing and other benefits in an effort to make military service attractive and competitive with business and industry. See *Frontiero v. Richardson*, 411 U.S. 677, 679–80, 93 S.Ct. 1764, 1766–67, 36 L.Ed.2d 583 (1972). The imposition of such a tax would constitute a clear interference with the federal statutory scheme for recruiting and quartering and therefore is constitutionally impermissible.

Accordingly, I concur in the majority's affirmance of the district court's decisions.