Filed 1/9/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAMS & FICKETT,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>COUNTY OF FRESNO,<br><br>    Defendant and Respondent. | F068652<br><br>(Super. Ct. No. 13CECG00461)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County. Donald S. Black, Judge.

Dowling Aaron Incorporated, Lynne Thaxter Brown and Ronald A. Henderson for Plaintiff and Appellant.

Daniel C. Cederborg, County Counsel, and Michael R. Linden, Deputy County Counsel, for Defendant and Respondent.

-ooOoo-

Appellant Williams & Fickett, a general partnership, challenges the judgment dismissing its complaint against respondent County of Fresno (County) for a refund of personal property taxes. The trial court sustained the County's demurrer to the complaint without leave to amend on the ground that appellant did not exhaust its administrative remedies before filing suit. The trial court ruled that appellant was required to first file

an application for a reduction in assessment with the Fresno County Assessment Appeals Board (Assessment Appeals Board) under Revenue and Taxation Code[1] section 1603.

Appellant contends it did not own the assessed property on the applicable lien dates and thus the assessments were "nullities." Therefore, appellant argues, it was not required to file an application for assessment reduction. Appellant further asserts that its complaint is not barred by the statute of limitations because its refund claims were filed within four years of its having paid the taxes as required by section 5097.

Appellant is correct. Because appellant's refund claims are based on not owning the property in question, it was not required to file an assessment reduction application. Further, appellant's refund claims were timely filed. Accordingly, the judgment dismissing the complaint will be reversed.

## BACKGROUND

Since the appeal is from the sustaining of a demurrer without leave to amend, the facts are derived from the complaint. This court must give the complaint a reasonable interpretation and assume the truth of all material facts properly pleaded. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

The Fresno County Assessor (Assessor) conducted several audits of appellant regarding personal property for the tax roll years 1994 through 2001. These audits resulted in the assessment of additional taxes for various pieces of farm equipment.

In June 2007, appellant attempted to file applications for changed assessment with the County to cancel the assessment under section 4986 on the ground that appellant did not own that personal property. The Assessment Appeals Board returned the applications to appellant. The Assessment Appeals Board explained that the applications were not timely filed and therefore would not be considered.

---

[1] All further statutory references are to the Revenue and Taxation Code.

In November 2010, appellant filed a complaint for declaratory relief against the County, the Assessment Appeals Board and the Assessor seeking a declaration that the subject properties did not exist and therefore the assessments should be cancelled. The trial court sustained the defendants' demurrer to that complaint on the ground that appellant was seeking to enjoin the collection of property taxes in violation of article XIII, section 32 of the California Constitution and Revenue and Taxation Code section 4807. The court concluded appellant was required to first pay the tax and then seek a refund under section 5096 et seq.

By checks written in May 2011, February 2012 and June 2012, appellant paid the disputed taxes in full along with penalties and interest. Thereafter, in May 2012 and November 2012, appellant filed claims for refund of those taxes. The claims for refund were rejected on November 27, 2012.

In February 2013, appellant filed the underlying action for refund of personal property taxes. Appellant alleged that it did not file an application for a reduction in the assessment under section 1603, subdivision (a).

The County demurred. The County asserted that the complaint failed to state a cause of action because (1) appellant did not exhaust its administrative remedies as required by section 1603, subdivision (a); and (2) the action was barred by the one-year statute of limitations set forth in section 5097, subdivision (a)(3)(A)(ii).

The trial court sustained the demurrer without leave to amend. The trial court concluded that appellant was required to file an application for reduction of the assessment with the Assessment Appeals Board under section 1603, subdivision (a). Since appellant did not do so, the court ruled that the action was barred.

## DISCUSSION

1. *Appellant was not required to apply for an assessment reduction.*

Section 1603, subdivision (a), provides that "[a] reduction in an assessment on the local roll shall not be made unless the party affected … makes and files with the county

board a verified, written application showing the facts claimed to require the reduction and the applicant's opinion of the full value of the property." The "county board" is the county board of supervisors meeting as a county board of equalization or an assessment appeals board. (§ 1601, subd. (a).)

Generally, filing an assessment reduction application with the county board is the first step in a three-step process for handling challenges to property tax assessments and refund requests. (*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1307 (*Steinhart*).) The second step is filing an administrative claim for refund under section 5097 and the third and final step is filing a superior court action to recover the tax under section 5140. (*Steinhart, supra,* at p. 1307.)

Ordinarily, if a taxpayer fails to apply to the county board for an assessment reduction under section 1603, the taxpayer is barred from pursuing a property tax refund action in the superior court, even if the taxpayer has filed a refund claim with the board of supervisors. (*Steinhart, supra,* 47 Cal.4th at p. 1308.) In other words, the taxpayer must exhaust all available administrative remedies before resorting to the courts. (*Ibid.*) This is because disputes regarding the valuation of property are within the special competence of the county board. (*Stenocord Corp. v. City etc. of San Francisco* (1970) 2 Cal.3d 984, 988 (*Stenocord*).) Thus, if the dispute is submitted to the county board, the need for the taxpayer to file a superior court action might be obviated. (*Ibid.*)

However, the California Supreme Court has recognized an exception to this exhaustion requirement. "[W]here the taxpayer attacks the assessment as void because he does not own the property on which the tax demand was made, there is no question of valuation which must be presented first to the board of equalization for correction as a condition for judicial relief." (*Parr-Richmond Industrial Corp. v. Boyd* (1954) 43 Cal.2d 157, 165.) The assessment is a nullity as a matter of law. (*Stenocord, supra,* 2 Cal.3d at p. 987.) When there is no question of valuation that the local board of equalization has special competence to decide, no dispute as to the facts and no possibility that action by

4.

the board might avoid the necessity of deciding the issue in the courts, recourse to the local board is not required. (*Star-Kist Foods, Inc. v. Quinn* (1960) 54 Cal.2d 507, 511.) Examples of such assessment nullities include when "the property is tax exempt, nonexistent or outside the jurisdiction [citations], and no factual questions exist regarding the valuation of the property which, upon review by the board of equalization, might be resolved in the taxpayer's favor, thereby making further litigation unnecessary [citations]." (*Stenocord, supra,* 2 Cal.3d at p. 987.)

Appellant contends that it did not own the property at issue and therefore the assessment was a nullity. Accordingly, appellant asserts, it was not required to apply to the Assessment Appeals Board for an assessment reduction under section 1603, subdivision (a).

The County responds that the assessments at issue were not a nullity because they were not "beyond the power of the taxing officials to impose." (*Parrott & Co. v. City & County of San Francisco* (1955) 131 Cal.App.2d 332, 342.) The County notes the property was not tax exempt, nonexistent, or outside of the County's jurisdiction. Rather, the County characterizes the situation as involving a change in ownership. Therefore, the County argues, pursuant to section 5142, subdivision (b) and *Steinhart,* appellant was required to apply for an assessment reduction under section 1603 before pursuing its refund claim.

In *Steinhart*, the issue before the court was whether real property was subject to reassessment under Proposition 13. There, the plaintiff was the sister of a trust settlor who died and left the plaintiff a life estate in the settlor's residence. The trust settlor had transferred this residence to a trust that was revocable during the settlor's life but that became irrevocable upon the settlor's death. The county auditor took the position that the settlor's death resulted in a change in ownership that triggered reassessment. The plaintiff filed a claim for refund of the additional property taxes she had paid without first seeking an assessment reduction under section 1603.

The *Steinhart* court held the plaintiff was required to apply for an assessment reduction and therefore her refund claim was barred for failure to exhaust administrative remedies. (*Steinhart, supra,* 47 Cal.4th at p. 1313.) The court noted that the plaintiff and the county each interpreted the "nullity" precedents very differently. The plaintiff argued that exhaustion was unnecessary because there was no question of valuation that the assessment appeals board had special competence to decide and there was no dispute as to the relevant facts. In contrast, the county, citing *Stenocord,* argued the assessment was not a nullity because the property was not "tax exempt, nonexistent, or outside the jurisdiction." (*Steinhart, supra,* 47 Cal.4th at p. 1311.) However, the court did not need to choose between these divergent interpretations of its precedents. Rather, "the Legislature has expressly and definitively settled the exhaustion question insofar as it involves a challenge to a change in ownership determination." (*Ibid*.) Section 1605.5, enacted in 1986, provides that the "county board shall hear applications for a reduction in an assessment in cases in which the issue is whether or not property has been subject to a change in ownership …." (§ 1605.5, subd. (a).)

The *Steinhart* court also concluded that section 5142, subdivision (b), added in 1993, further confirms that an assessment reduction application under section 1603 is a prerequisite to challenging a change in ownership determination. (*Steinhart, supra,* 47 Cal.4th at p. 1312.) Subdivision (b) of section 5142 specifies that, in the context of a claim for refund, if the taxpayer and the assessor file a stipulation with the county board of equalization "stating that issues in dispute do not involve valuation questions" and the stipulation is accepted, it shall be deemed compliance with section 1603. Section 5142, subdivision (c), provides that nothing in subdivision (b) "shall be construed to deprive the county board of equalization of jurisdiction over nonvaluation issues in the absence of a contrary stipulation." Thus, the absence of a valuation issue does not necessarily eliminate the need for the taxpayer to apply for an assessment reduction before pursuing a tax refund claim.

6.

However, unlike the situation in *Steinhart,* appellant claims it does not own the assessed property. An application for a reduction in an assessment requires the applicant to declare or certify, under penalty of perjury, that the applicant is the owner of the property or has a direct economic interest in the payment of the taxes on the property. (§ 1603, subd. (f).) Appellant, not being the owner of the subject property, cannot make such a declaration. Therefore, appellant cannot file a valid application for reduction.

In construing a statutory scheme, we must apply common sense to the language and interpret the statutes to make them workable and reasonable. (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1122.) Since appellant cannot file a valid application for an assessment reduction, it is unreasonable to hold that such an application is a prerequisite to pursuing its refund claim. Accordingly, where, as here, the taxpayer claims the assessment is void because the taxpayer does not own the property, the taxpayer is not required to apply for an assessment reduction under section 1603, subdivision (a), to exhaust its administrative remedies.[2]

## 2. *Appellant's refund claim is timely.*

Section 5097, subdivision (a)(2), provides that a claim for refund must be "filed within four years after making the payment sought to be refunded …." Appellant paid the taxes in May 2011, February 2012 and June 2012 and filed claims for refund of those taxes in May and November 2012. Thus, the claims were filed within four years of paying the disputed taxes.

The County argues that section 5097, subdivision (a)(3)(A)(ii), bars appellant's refund claim. That subdivision provides that when a taxpayer has filed an application for an assessment reduction under section 1603, a refund claim must be filed within one year after the expiration of the time period specified in section 1604, subdivision (c), if the

---

[2]     Appellant's motion for judicial notice is granted.

county assessment appeals board fails to hear evidence and fails to make a final determination on the assessment reduction application. According to the County, when appellant filed the applications for changed assessment seeking to cancel the assessment in June 2007 and the Assessment Appeals Board returned those applications as untimely, the above statute of limitations began to run. Therefore, the County argues, appellant had until June 2010 to file its refund claims.

First, appellant did not file an application for an assessment reduction under section 1603. More importantly, a refund claim cannot be made until after the disputed taxes have been paid. Any "claim filed before the payment of the disputed taxes is 'inherently flawed as untimely.'" (*JPMorgan Chase Bank, N.A. v. City and County of San Francisco* (2009) 174 Cal.App.4th 1201, 1210.) Therefore, appellant could not have filed its refund claims in June 2010. Rather, those claims were not viable until the taxes were paid in 2011 and 2012. Thus, appellant's refund claims filed in May and November 2012 were timely.

## DISPOSITION

The judgment is reversed. Costs on appeal are awarded to appellant.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
KANE, J.


_____
FRANSON, J.