[S. F. No. 1001.  Department Two.—September 8, 1899.]

# C. F. HORNUNG, Appellant, v. JOSEPH M. McCARTHY et al., Respondents.

Action upon Street Assessment—Insufficient Defense—Damage to Lot by Grading, Without Compensation.—An action by a contractor to enforce a street assessment cannot be defeated by the owner of the lot upon the ground that the contract contemplated the damaging of his lot by the grading of the street to its official grade, without compensation first made by the supervisors, where it is not made to appear that the contractor knew that compensation had not been made, and where none had been demanded by the owner of the lot, and he did not object to the doing of the work, or endeavor to stop it.

Id.—Taxing Power—Eminent Domain—Setoff.—The right of the contractor to enforce an assessment grows out of the taxing power; and any right of action in favor of the owner of the lot assessed for damages against the city growing out of that part of the constitution which deals with the exercise of the power of eminent domain  cannot render void the assessment made under the taxing power; nor can such right of action for damages be used as a defense, or as a setoff or counterclaim to the cause of action sued upon by the contractor.

Id.—Second Assessment—Final Judgment of Superior Court—Abandonment of Appeal.—The judgment of the superior court declaring a first street assessment invalid for informality is a final judgment of a court of this state, within the meaning of section 9 of the street law of 1891, providing for the levying of a second assessment; and the application of the contractor for the second assessment instead of appealing from the judgment substantially abandons an appeal therefrom, and he is not required to wait for the lapse of the time for appealing before making his application.

Id.— Judgment Against Owner — Fictitious Defendants not Served.—The judgment in favor of the sole owners of the property is not less final because there is no judgment in reference to fictitious defendants not served, and who did not appear in the action.

Id.—Certificate of City Engineer—Expiration of Office—Use of Data by Successor.—An assessment is not invalid because the one who was city engineer when the work was completed went out of office without making the certificate required by the street law.  The person in office as city engineer at the time of making the certificate is the proper one to make it; and for that purpose a succeeding engineer may use the official data found in the office.

CXXVI. Cal.—2

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. H. Bahrs, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

The question of damages, under the constitution, is inapplicable by way of defense to the street assessment.   The power of taxation is distinct from the power of eminent domain. (*Emery v. San Francisco Gas Co.*, 28 Cal. 351; *City of S. v. Baker*, 56 Mo. App. 637; *Keith v. Bingham*, 100 Mo. 306.)   The contractor is not liable for the damage caused by grading to the official grade in a careful and skillful manner; and the city alone is liable if there is any liability.   (*Proctor v. Stone*, 158 Mass. 569; *Montgomery v. Maddox*, 89 Ala. 181; *Pueblo v. Strait*, 20 Colo. 13; 46 Am. St. Rep. 273; *Brown v. Seattle*, 5 Wash. 35; *Gibson v. Owens*, 115 Mo. 267.)   The city is only liable for damage when the official grade is changed, and not for the establishment of an official grade different from the natural.   (*Keehn v. Gillicuddy*, 19 Ind. App. 427.)   The certificate of the city engineer, made by the officer in office at the time of the certificate, was proper.   It is the officer in office who is to act in place of his predecessor.   (*Buckman v. Ferguson*, 108 Cal. 33; *Buckman v. Landers*, 111 Cal. 347; *Coler v. Cleburne*, 131 U. S. 162.)   The judgment of the superior court was a final judgment of that court when entered.   (*Crim v. Kessing*, 89 Cal. 491; *Condee v. Barton*, 62 Cal. 1.)   Section 9 of the street law gives the right to apply for a new assessment "within three months after the entry of final judgment" in the superior court, and does not require that the judgment should be final in the sense that it could not be appealed from.   (*Cook v. Rice*, 91 Cal. 668.)   Section 12 of the street law requires it to "be liberally construed to effect the ends of justice."   (*Kreling v. Muller*, 86 Cal. 470; *Ede v. Knight*, 93 Cal. 162.)   Curing defects by reassessment is not liable to abuse.   (Cooley on Taxation, 1st ed., 232.)

Otto Tum Suden, for Respondents.

Section 14, article I, of the constitution protects abutting owners against consequential damage.   (*Reardon v. San Fran-*

cisco, 66 Cal. 492; 56 Am. Rep. 109; *Tyler v. Tehama County,* 109 Cal. 622; *Eachus v. Los Angeles,* 103 Cal. 616; 42 Am. St. Rep. 149.)    The property owner was not bound to seek protection by injunction, nor demand that the authorities should protect his rights under the constitution to previous compensation. (*Bigelow v. Ballerino,* 111 Cal. 559; *Geurkink v. Petaluma,* 112 Cal. 306.)    The board of supervisors could not lawfully empower the contractor to invade property rights.    (*Wulzen v. San Francisco,* 101 Cal. 17; 40 Am. St. Rep. 17; *Santa Cruz Pav. Co. v. Broderick,* 113 Cal. 635.)    The contract to violate the constitution, being void, cannot be the basis of a valid assessment. (*Burke v. Turney,* 54 Cal. 486; *Manning v. Den,* 90 Cal. 610; *Libbey v. Ellsworth,* 97 Cal. 316.)    The certificate of the engineer was void.    (*Connolly v. Ashworth,* 98 Cal. 205.)    The second assessment was premature.    The judgment of the superior court was not final, the time for appeal not having expired (*Story v. Story etc. Co.,* 100 Cal. 41; *Brown v. Campbell,* 100 Cal. 646; 38 Am. St. Rep. 314; *Matter of Blythe,* 99 Cal. 472), nor was it final while the action was pending as to other parties named. (*Stockton etc. Works v. Insurance Co.,* 98 Cal. 557, 577; *Driscoll v. Howard,* 63 Cal. 439, and cases cited.)

McFARLAND, J.—Action by plaintiff, as assignee of Madigan, contractor, to enforce a street assessment against a lot owned by defendant on M street south, between Eighth and Ninth avenues south.    Judgment went for defendant, and plaintiff appeals from the judgment upon the judgment-roll, which includes findings.

The main ground upon which the court below gave judgment for respondent, and the one principally discussed in the briefs, is this: that the whole assessment proceeding was void, because founded upon a contract which was void for the reason that it contemplated the damaging of appellant's land for public use, "without just compensation having been first made to, or paid into court for, the owner," within the meaning of section 14 of article I of the state constitution.    We do not think that this position is tenable.    The findings of the court on this point are substantially these: That the board of supervisors, by resolution of intention, ordered M street between the two avenues to be "graded to the official line and grade," and let the contract to

do the grading to the contractor Madigan; that at the time of the contract M street was "in a state of nature, in that it had never been graded to any grade," the respondent's lot was flush with the street as it was originally, so that there was easy ingress and egress between the lot and street; that the necessary result of carrying out the intention of the board, and the doing of the work provided by the contract, would be to excavate the street to a depth of thirty feet below the natural level of respondent's lot, and thus greatly damage it by cutting off the ingress, et cetera; that the board made no provision for compensating respondent for the damage which would result; that "notwithstanding the board of supervisors knew" that the proposed work would damage the lot, still they "caused and ordered said contract to be entered into with the said Madigan, and caused said Madigan to perform the work," and that Madigan did perform the work and enter into the contract, and did excavate the street to a depth of thirty feet aforesaid, whereby the lot was damaged in the sum of fifteen hundred dollars. (It appears that this was not a case where an official grade had been changed after a lotowner's title to his property had attached; but, as the case will be determined on other principles, we will not discuss the question whether or not one who acquires a lot after the official grade has been established can recover incidental damages resulting from work necessary to put the street on the official grade.)

It is to be noticed that this is not an action to recover damages as was *Eachus v. Los Angeles etc. Co.*, 103 Cal. 614, 42 Am. St. Rep. 149, and other cases cited by respondent; nor is it an action to enjoin the prosecution of work, as was *Geurkink v. Petaluma*, 112 Cal. 306; nor is it like *Bigelow v. Ballerino*, 111 Cal. 559, in which it was merely decided that where the municipal authorities made an order closing a street, which order was invalid because made without compensation for the taking of appellant's property, the latter could maintain his easement in the street until compensation had been made. Respondent has not cited and relied on any case where the action was to enforce an assessment, and a defense similar to the one here interposed was set up. Whether or not the respondent could maintain an action for damages against the city, or whether he might have

enjoined the prosecution of the work, are not questions here presented.

The rights involved here are those of the contractor; and in order to support the judgment it must be maintained that, as to him, the contract, at the time it was made, was void. How can this proposition be maintained? The ground on which it rests is simply this: it is found that at the date of the contract the board of supervisors knew that its fulfillment would damage the lot, and knew that no compensation had been made, and, although it was not expressly found, we presume that it was inferred that the contractor must have known, from the nature of the contract, that the damage would ensue. It is not found, however, that the contractor knew that no compensation had been made, and there is nothing to show that his attention was called to the matter in any way. The respondent never demanded compensation of anybody; he never made any objection to the doing of the work by the contractor, nor took any step to stop it; and if the contractor had thought of the subject he might well have presumed that respondent had waived damages, or had made some arrangement with the board on the subject. But respondent, after having allowed the contractor to incur the expense of doing the work without objection of any kind, now attempts—not to recover damages—but to have the entire assessment declared void and the contractor not entitled to anything for his work, because a third party, the board of supervisors, had not paid him some money which he had never demanded, and about which the contractor knew nothing. The appellant's rights here grow out of the governmental power of taxation (*Emery v. San Francisco Gas Co.*, 28 Cal. 346); and the consideration that the respondent may have some cause of action founded upon rights reserved by that part of the constitution which deals with the exercise of the power of eminent domain does not make the assessment proceeding void. His claim for damages can certainly not be used as a setoff or counterclaim to the cause of action sued on. The only cases like the one at bar, to which we have been referred, are cases decided by the supreme court of Missouri, in which the law is declared to be as above stated. *Keith v. Bingham*, 100 Mo. 306, cannot be distinguished from the case at bar. This was an action upon tax bills for grad-

ing and other work done on the street; and the answer contains, among other things, the following: "Defendant, for a third defense of the tax bill sued on, states that the lot described by plaintiff's petition is now, and was at all the times stated in the plaintiff's petition, private property. That the grading mentioned in plaintiff's petition was done for public use, and damaged and did not benefit said lot. That no compensation was made or tendered to or paid into court for any person as the owner of said lot on account of said damages. Wherefore the defendant asks judgment." In response to this defense the court say: "It is claimed by defendant that the tax bills in suit were issued in violation of that section of the constitution which declares 'that private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed.' (Const. 1875, art. II, sec. 21.) Looking at this defense from the most favorable standpoint, it is evident that it is untenable. The section of the constitution just quoted refers to, and is intended to regulate, the exercise of the right of eminent domain, whereas special assessments for local improvements, such as the tax bills before us, are referable to and sustainable under the taxing power. This distinction is well recognized both here and elsewhere in the United States. (*Garrett v. St. Louis*, 25 Mo. 505; 69 Am. Dec. 475; Lewis on Eminent Domain, sec. 5.) If the taxing power has been called into play in the mode required by law for the purpose of paying for a local improvement, such as paving or grading a street, it is no defense to a bill issued therefor to say, as is said here, that the street, or the improvement, damaged and did not benefit the property, though, if such were the fact, the party might have his action (on a proper showing) under the constitution for such injury. (*Householder v. Kansas*, 83 Mo. 488.) If the city had invoked the power of eminent domain unlawfully in the premises, it could be held actionable therefor, but that would not interfere with the collection of the special tax bill for an improvement regularly made under the taxing power. The right of action

which a person would have thus against the municipality would constitute no just defense to the claims of the contractor who had made the improvement and to whom, under the law in question, the tax assessment is payable." Our conclusion is, that the assessment was not void upon the grounds above noted.

Respondent also makes some contention that the assessment was void upon two other grounds which are in their nature technical.

1. The present action is upon a second assessment made under section 9 of the street law (Stats. 1891, p. 205), which provides that where it appears by final judgment that a suit brought to foreclose an assessment lien has been defeated by reason of any defect, error or informality, et cetera, any person interested may, at any time within three months after the filing of the judgment, apply to the superintendent of streets for another assessment; and it is contended by respondent that there was no final judgment in the former suit brought by the appellant, because the time within which an appeal might be taken from that judgment to this court had not expired when the demand for the new assessment was made. It is no doubt true that for certain purposes an action brought in the superior court is to be deemed as "still pending," although a final judgment has been rendered in said court, until the time for appealing to this court has expired, and that rule has been declared in the decided cases, principally, where a judgment of the superior court has been invoked as a bar to another action. But a judgment of the superior court, final in its nature, declaring an assessment void for informality, et cetera, is clearly within the meaning of the street law, where the words used are, "any final judgment of any court of this state" (*Cook v. Rice*, 91 Cal. 664); and this is certainly so where the plaintiff in such a suit, instead of appealing, has substantially abandoned his appeal by the act of applying for a new assessment. And the judgment was not less final because certain fictitious defendants—John Doe, Robert Roe, et cetera—were not served, and did not appear, and there was no judgment against them; the court found that the respondent, McCarthy, appeared and contested the action, and that he is and was at all the times mentioned in the complaint "the sole owner of said lot of land."

2. It is contended that there was no valid certificate of the city engineer, because one Fitzhugh was city engineer up to the time the work was completed and went out of office without making any certificate. But a proper certificate was made by Tilton, who succeeded Fitzhugh as city engineer, and the person in office is the proper officer to make such a certificate, and for that purpose may, of course, use the official data found in the office.

The judgment appealed from is reversed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.