[Civ. No. 55602. Second Dist., Div. Four. Jan. 28, 1980.]

DAVID DAAR et al., Plaintiffs and Appellants, v.
H. B. ALVORD, as Tax Collector, etc., et al.,
Defendants and Respondents.

COUNSEL

David Daar, in pro. per., Michael R. Newman, Stephen H. Tabor, Miller & Daar, Mark H. Gunderson and Erwin Sobel for Plaintiffs and Appellants.

John H. Larson, County Counsel, Lawrence B. Launer and David L. Muir, Deputy County Counsel, for Defendants and Respondents.

OPINION

JEFFERSON (Bernard), J.—Plaintiffs in this action are David Daar, an individual, and Daar & Newman, a professional corporation. The action is brought individually, and on behalf of all persons and entities similarly situated, to obtain refunds of taxes alleged to be excessive and paid by taxpayers whose property was on the unsecured portion of the assessment roll in Los Angeles County for the fiscal year 1978-1979. Named as defendants are H. B. Alvord, Tax Collector of the County of Los Angeles; Alexander Pope, county assessor; Mark H. Bloodgood, Auditor-Controller of the County of Los Angeles; Board of Supervisors of the County of Los Angeles; the City Council of the City of Los Angeles, and the City of Los Angeles.

Plaintiffs' second amended complaint was framed in three causes of action: the first cause was to obtain a refund of taxes paid; the second sought declaratory relief; the third sought injunctive relief to prevent the defendants from expending those funds constituting the assertedly excessive taxes collected by defendants and, further, to require defendants to impound those funds pending resolution of the matter.

After a hearing on plaintiffs' application for a preliminary injunction, the trial court denied the injunctive relief requested on the ground that plaintiffs had an adequate remedy at law and had not established that, in the absence of injunctive relief, they would suffer irreparable injury. Plaintiffs have appealed from the trial court's judgment (order).[1]

This case arose as the result of the dispute over the propriety of defendants' refusal to apply to the unsecured portion of the assessment roll in Los Angeles County for the fiscal year 1978-1979, the 1 percent limitation on the taxation of real property established by the initiative (commonly known as Prop. 13) passed by California voters on

---

[1]The appeal is appropriate. (See Code Civ. Proc., § 904.1, subd. (f).)

June 6, 1978.[2] Plaintiff David Daar, as a taxpayer member of the general public, and plaintiff Daar & Newman, as an entity which paid unsecured property taxes as computed by defendants during the year in question, sought to enjoin defendants from "[s]pending, distributing or in any manner delivering to any taxing districts or agencies within the County of Los Angeles illegally and erroneously collected property taxes on the unsecured roll for the fiscal year July 1, 1978 to June 30, 1979, ..." Plaintiffs also sought a mandatory injunction "[o]rdering the defendants and each of them to impound, set aside and segregate the illegally collected taxes to date.... [or] to be collected in the future for the fiscal year July 1, 1978 to June 30, 1979...."

The trial court's denial of preliminary injunctive relief constitutes the sole issue on this appeal. ▮ We note at the outset that "'[t]he authorities are numerous and uniform to the effect that the granting or denial of a preliminary injunction on a verified complaint, together with oral testimony or affidavits, even though the evidence with respect to the absolute right therefor may be conflicting, rests in the sound discretion of the trial court, and that the order may not be interfered with on appeal, except for an abuse of discretion.' [Citation.] Discretion is abused in the legal sense 'whenever it may be fairly said that in its exercise the court in a given case exceeded the bounds of reason or contravened the uncontradicted evidence.' [Citations.]" (*Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 527 [67 Cal.Rptr. 761, 439 P.2d 889].)

On this appeal, plaintiffs rely upon Code of Civil Procedure section 526a as authority for granting injunctive relief to them as resident taxpayers. That section provides: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein. This section does not affect any right of action in favor of a county, city, town, or city and county, or any public officer; provided, that no injunction shall be granted restraining the offering for

[2]The merits of the underlying dispute occasioned by the position taken by defendants concerning the application of the tax limitation initiative have been considered by us in *Roy E. Hanson, Jr. Mfg.* v. *County of Los Angeles.*\*

\*Reporter's Note: Hearing granted, for Supreme Court opinion see 27 Cal.3d 870 [167 Cal.Rptr. 828, 616 P.2d 810].

sale, sale, or issuance of any municipal bonds for public improvements or public utilities. [¶] An action brought pursuant to this section to enjoin a public improvement project shall take special precedence over all civil matters on the calendar of the court except those matters to which equal precedence on the calendar is granted by law."

In *Blair v. Pitchess* (1971) 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206], the California Supreme Court discussed the frequent use of Code of Civil Procedure section 526a to provide a remedy for taxpayers seeking to prevent illegal expenditure of tax funds or other illegal conduct by governmental officials. Noting that the section "authorizes actions by a resident taxpayer against officers of a county, town, city, or city and county to obtain an injunction restraining and preventing the illegal expenditure of public funds" (*Id.* at p. 267; fn. omitted), the court declared that "[t]he primary purpose of this statute, originally enacted in 1909, is to 'enable a large body of the citizenry to challenge governmental action *which would otherwise go unchallenged in the courts* because of the standing requirement.'" (*Id.* at pp. 267-268.) (italics added.) In the ensuing discussion, the *Blair* court emphasizes the remedial nature of section 526a, the necessity for liberally interpreting its scope, and its utility in preventing illegal conduct by the government involved.

Defendants counter plaintiffs' reliance upon Code of Civil Procedure section 526a with the long established principle, recognized both in the California Constitution and in the Revenue and Taxation Code, which precludes taxpayers from enjoining the collection of taxes. Article XIII, section 32, of the California Constitution, provides: "No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature."[3]

In conformity with the constitutional provision, the Legislature enacted section 4807 of the Revenue and Taxation Code, which provides: "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action, or proceeding in any court against any

---

[3]Section 32 of article XIII was adopted on November 5, 1974.

county, municipality, or district, or any officer thereof, to prevent or enjoin the collection of property taxes sought to be collected."[4]

In addition, the Legislature has provided a remedy for the taxpayer who claims to have paid taxes illegally imposed or erroneously collected. Revenue and Taxation Code section 5140 provides, in pertinent part for our purposes, that "[t]he person who paid the tax, . . . may bring an action in the superior court against a county or a city to recover a tax which the board of supervisors of the county or the city council of the city has refused to refund on a claim filed pursuant to Article 1 (commencing with Section 5096) of this chapter."[5]

The decisional law has uniformly relied on the "adequacy of legal remedy" provided by Revenue and Taxation Code section 5140—the refund section—to reject efforts by individual or corporate taxpayers to challenge some aspect of the tax collection process, declaring that the basic rationale for precluding such challenge is the public policy favoring the uninterrupted funding of governmental activities. (See, e.g., *Sherman* v. *Quinn* (1948) 31 Cal.2d 661 [192 P.2d 17]; *Star-Kist Foods, Inc.* v. *Quinn* (1960) 54 Cal.2d 507 [6 Cal.Rptr. 545, 354 P.2d 1].)

 Plaintiffs do not herein challenge the *collection* of assertedly illegally imposed taxes by defendants, but rather seek to prevent the collected taxes from *being spent* by defendants and to require their impounding pending a determination of the lawfulness of imposition of the taxes at the pre-Proposition 13 rate. Defendants contend, however, that, if it is legally permissible to enjoin a governmental entity from spending what it has collected, the constitutional and statutory provisions concerning collection will be rendered totally ineffective, a result unintended by either the framers of the Constitution or the Legislature.

In resolving the issue presented herein, we consider whether there is any conflict between Code of Civil Procedure section 526a and section 32 of article XIII of the California Constitution and Revenue and Taxation Code section 4807. We have no difficulty in harmonizing these constitutional and statutory provisions. We deem that the illegal governmental activity which is subject to taxpayer challenge in Code of

[4]Section 4807 was added to the Revenue and Taxation Code in 1977. (Stats. 1977, ch. 539, § 2, p. 1741.)

[5]Section 5140 was added to the Revenue and Taxation Code in 1976. (Stats. 1976, ch. 499, § 12, p. 1240.)

Civil Procedure section 526a does *not* include activity characterized as illegal solely by reason of purportedly illegal tax *collection.* It can be argued—but not reasonably so we think—that any expenditure of illegally collected taxes is per se an illegal governmental activity. We reject any such broad characterization as contrary to accepted principles of reasonable construction of constitutional and statutory provisions.

In *Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208 [149 Cal.Rptr. 239, 583 P.2d 1281], the California Supreme Court upheld the constitutionality of article XIII A and rejected various challenges to the validity of the initiative measure. But the *Amador* court was careful to point out that it was not deciding the potential impact of every provision of article XIII A. Thus, the merits of the dispute over the application of article XIII A to the unsecured tax rolls can be determined appropriately in actions for tax refunds filed by individual taxpayers pursuant to the provisions of Revenue and Taxation Code section 5140. Plaintiffs have presented us with no compelling reasons or authority to reverse the trial court for an abuse of discretion in the latter's determination that plaintiffs possessed an adequate legal remedy for the refund of any taxes paid by them and thus were not entitled to preliminary injunctive relief. Clearly, plaintiffs have not demonstrated here that "[d]iscretion is abused in the legal sense 'whenever it may be fairly said that in its exercise the court in a given case exceeded the bounds of reason or contravened the uncontradicted evidence.'" (*Continental Baking Co., supra,* 68 Cal.2d 512, 527.)

We deem it unnecessary to discuss at any length plaintiffs' contentions with respect to the interpretation of the impounding sections of the Government Code—sections 29100 and 26906.1—which, in essence, allow a board of supervisors and the county auditor to impound taxes, the legality of which are in dispute. We consider it sufficient to state that no persuasive authority has been presented here that such impounding is a mandatory rather than a discretionary activity.[6]

Plaintiffs also address the underlying issue of constitutional interpretation considered and resolved by this court in the *Hanson* case. We

---

[6]Government Code section 29100 provides that a board of supervisors, in fixing the rates of taxes on the secured roll, shall make due allowance for disputed tax revenues anticipated to be impounded pursuant to Government Code section 26906.1. Government Code section 26906.1 provides, in pertinent part, that the "county auditor, with the approval of the board of supervisors, *may* impound the disputed revenues of any tax upon secured or unsecured property,..." (Italics added.)

need not repeat the conclusions and determinations arrived at in *Hanson*, as we decide here that, even assuming the illegality of the collection process, Code of Civil Procedure section 526a was not intended to be utilized in challenging that illegality.

The judgment (order) is affirmed.

Files, P. J., and Rogan, J.,* concurred.

A petition for a rehearing was denied February 22, 1980, and appellants' petition for a hearing by the Supreme Court was denied April 10, 1980.

*Assigned by the Chairperson of the Judicial Council.