[No. F005091. Fifth Dist. May 14, 1986.]

E. S. McKENDRY, Plaintiff and Appellant, v.
COUNTY OF KERN et al., Defendants and Respondents.

URNER BROADCASTING CO., Plaintiff and Appellant, v.
COUNTY OF KERN et al., Defendants and Respondents.

**COUNSEL**

Young, Wooldridge, Paulden, Self, Farr & Griffin and Robert J. Self for Plaintiffs and Appellants.

Ralph B. Jordan, County Counsel, and Philip E. Dunn, Jr., Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**BEST, J.**—Plaintiffs, E. S. McKendry and Urner Broadcasting Co., in these consolidated actions, appeal from a judgment on the pleadings in favor of defendants.

In 1980 and 1981, Kern County embarked upon a campaign of recording tax liens for old unsecured personal property tax claims, which were unpaid according to the county's records. Under Revenue and Taxation Code section 2191.3, where a tax on unsecured property has been assessed and such tax has become delinquent: "The tax collector may file for record without fee in the office of the county recorder of any county a certificate specifying the amount due, the name, federal social security number, if known, and last known address of the assessee liable for the amount, and the fact, if such be the fact, that all provisions of this division in the computation and levy of the tax have been complied with." Upon recording a certificate of

delinquency pursuant to Revenue and Taxation Code section 2191.3, the amount of the deficiency constitutes a lien on all personal and real property in the county owned by the assessee named in the certificate or acquired by the assessee before the lien expires. The lien has the force and effect of a judgment lien and continues for 10 years from the recording of the certificate. Section 2191.4 also provides that within 10 years from the date of the recorded certificate, the lien may be extended by filing a new certificate with the county recorder. (Rev. & Tax. Code, § 2191.4.)

On July 8, 1980, defendants caused to be recorded a certificate of delinquency of personal property tax pursuant to Revenue and Taxation Code section 2191.3 against plaintiff McKendry. The certificate alleged plaintiff had on record unpaid delinquent unsecured personal property taxes, which had been duly assessed for the fiscal years 1961, 1962, 1963, 1965, 1966 and 1967. The total amount due, including tax and penalties, was $2,063.14. This amount was due by June 8, 1981.

A certificate of delinquency against plaintiff Urner Broadcasting Co. had been recorded by defendants on March 2, 1971, for the unpaid taxes assessed for the fiscal year 1970-1971. Subsequently, on May 1, 1981, in an attempt to extend the tax lien, defendants caused to be recorded a new certificate of delinquency of personal property tax pursuant to Revenue and Taxation Code section 2191.4 for the same unpaid taxes. The total amount, including tax and penalties, was $400.51. The certificate did not specify when the payment was due.

On November 17, 1981, plaintiffs McKendry and Urner brought separate class action complaints for declaratory relief against defendants. McKendry asserted that, under the Revenue and Taxation Code, defendants could not record a certificate of delinquency for unpaid taxes more than 10 years after the taxes became due. The recordation of these certificates of delinquency was an attempt to create improperly and illegally a lien on McKendry's real and personal property. McKendry requested declaratory relief. Specifically, plaintiff McKendry requested a judgment that the certificate of delinquency filed against plaintiff was invalid and unenforceable.

Plaintiff Urner Broadcasting Co. similarly asked for declaratory relief and a judgment that the new certificate of delinquency was invalid and unenforceable. Urner Broadcasting Co. asserts that under section 2191.4 of the Revenue and Taxation Code, the new certificate was not a proper extension of the old lien because it was not filed within 10 years of the date of recording of the old certificate.

Subsequently, defendants filed a motion for judgment on the pleadings. Defendants argued that plaintiffs had not stated facts sufficient to constitute

a cause of action because they had not alleged the exhaustion of administrative remedies. Defendants asserted plaintiffs' legal recourse was to pay the taxes assessed and then sue for a refund. The trial court granted defendants' motion. In its judgment, the trial court held that plaintiffs had not exhausted their administrative remedies. Specifically, the court held plaintiffs were required to pay the subject taxes and then submit a claim for refund to the county. Only following a denial of that claim by the county could a complaint be brought against defendants. Plaintiffs were denied leave to amend. Plaintiffs' appeal is taken from this judgment.

 The trial court determined that plaintiffs lacked standing to sue because they had not paid the delinquent taxes and submitted a claim for a refund prior to bringing their complaints for declaratory relief. We agree.

Article XIII, section 32 of the California Constitution provides: "No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature." In conformity with article XIII, section 32, the Legislature passed Revenue and Taxation Code section 4807, which is applicable to the collection of taxes by county and municipal officials. (*Daar* v. *Alvord* (1980) 101 Cal.App.3d 480, 484-485 [161 Cal.Rptr. 658].) Revenue and Taxation Code section 4807 provides, "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action, or proceeding in any court against any county, municipality, or district, or any officer thereof, to prevent or enjoin the collection of property taxes sought to be collected."

In addition to prohibiting the courts from enjoining the collection of property taxes, the Legislature provided a remedy for the taxpayer who pays taxes that he believes were imposed illegally or collected erroneously. Revenue and Taxation Code section 5140 provides in pertinent part: "The person who paid the tax, . . . may bring an action in the superior court against a county . . . to recover a tax which the board of supervisors of the county . . . has refused to refund on a claim filed pursuant to Article 1 (commencing with Section 5096) of this chapter."

As noted in *Daar* v. *Alvord, supra,* 101 Cal.App.3d at page 485: "The decisional law has uniformly relied on the 'adequacy of legal remedy' provided by Revenue and Taxation Code section 5140—the refund section—to reject efforts by individual or corporate taxpayers to challenge some aspect of the tax collection process, declaring that the basic rationale for

precluding such challenge is the public policy favoring the uninterrupted funding of governmental activities. [Citations.]''

In discussing the policy behind article XIII, section 32 of the California Constitution, the Supreme Court has stated: "The policy behind section 32 is to allow revenue collection to continue during litigation so that essential public services dependent on the funds are not unnecessarily interrupted. (*Modern Barber Col.* v. *Cal. Emp. Stab. Com., supra,* 31 Cal.2d 720, 726 [192 P.2d 916].) 'Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public.'" (*Pacific Gas & Electric Co.* v. *State Bd. of Equalization* (1980) 27 Cal.3d 277, 283 [165 Cal.Rptr. 122, 611 P.2d 463].)

In the *Pacific Gas & Electric Co.* case, plaintiffs, various public utility companies, filed an action for mandamus and declaratory relief to compel the State Board of Equalization to adjust assessments of their real property value in accordance with article XIII A of the California Constitution. The Supreme Court, however, determined that the suit was barred by article XIII, section 32, because plaintiffs failed to proceed by payment of the tax followed by a suit for refund.

The court's rationale was that the policy of the constitutional provision was to insure revenue collection during litigation so that government functions dependent on the taxes were not interrupted. Furthermore, taxpayers have been provided with a specific statutory refund procedure when property is allegedly improperly assessed. Any effort to obtain a prepayment adjudication on the part of plaintiffs was an attempt to circumvent the statutory scheme and would not be allowed. (*Pacific Gas & Electric Co.* v. *State Bd. of Equalization, supra,* 27 Cal.3d at pp. 283-284.)

In the present case, defendants had assessed personal property taxes against plaintiffs' property for certain fiscal years during 1967 to 1971. In an effort to collect these taxes, defendants recorded certificates of delinquency against plaintiffs pursuant to Revenue and Taxation Code sections 2191.3 and 2191.4. Plaintiffs, rather than paying the taxes and suing for a refund, sought declaratory relief concerning the alleged invalidity of the defendants' method of collection, that is, the filing of certificates pursuant to Revenue and Taxation Code sections 2191.3 and 2191.4. As the plaintiffs in the *Pacific Gas & Electric Co.* case were barred by article XIII, section 32 of the California Constitution, plaintiffs' suits herein are barred by section 4807 of the Revenue and Taxation Code, which prohibits any equitable relief that prevents the collection of property taxes. (See *Schoderbek* v. *Carlson* (1980) 113 Cal.App.3d 1029, 1037, fn. 7 [170 Cal.Rptr. 400].)

Plaintiffs contend that by their actions they do not seek to enjoin the collection of a tax, but rather, seek only a declaration that the procedure used by defendants in recording the certificates of delinquency was not authorized under the Revenue and Taxation Code. However, recordation of certificates of delinquency by defendants is a method of tax collection available to the county and authorized by sections 2191.3 and 2191.4 of the Revenue and Taxation Code. Plaintiffs, by their suits to have defendants' actions declared illegal, seek a prepayment adjudication that would effectively prevent the collection of a tax and are, therefore, barred by section 4807 of the Revenue and Taxation Code. (See *State Bd. of Equalization* v. *Superior Court* (1985) 39 Cal.3d 633, 639-640 [217 Cal.Rptr. 238, 703 P.2d 1131]; see also *Daar* v. *Alvord, supra,* 101 Cal.App.3d at pp. 484-485.)

The judgment is affirmed. Respondents to have their costs on appeal.

Hanson (P. D.), Acting P. J., and Martin, J., concurred.