[Nos. D029328, D029926. Fourth Dist., Div. One. Aug. 6, 1999.]

COMMUNITY FACILITIES DISTRICT NO. 88-8 OF THE COUNTY OF RIVERSIDE, Plaintiff and Respondent, v.
JOHN HARVILL et al., Defendants and Appellants.

COUNSEL

Endeman, Lincoln, Turek & Heater, Henry E. Heater, David Semelsberger and George H. Kaelin III for Defendants and Appellants.

Sherman & Feller, Susan Feller and Ray W. Sherman, Jr., for Plaintiff and Respondent.

## OPINION

AMOS, J.*—Defendants John and Barbara Harvill (together Harvills) appeal a summary judgment in favor of plaintiff Community Facilities District No. 88-8 of the County of Riverside (CFD) on CFD's complaint to foreclose a lien of special taxes on property owned by Harvills. Harvills contend they presented evidence creating triable issues of fact as to whether their nonpayment of special taxes was excused by CFD's failure to perform contractual obligations for which the taxes constituted consideration. Harvills also appeal a postjudgment award of attorney fees and costs to CFD. We affirm both the judgment and order. Further, we conclude CFD is entitled to attorney fees on appeal and remand the matter to the trial court to determine the amount of the award.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1989, the County of Riverside (County) formed CFD under the Mello-Roos Community Facilities Act of 1982 (the Act) (Gov. Code,[1] § 53311 et seq.). CFD encompasses land along the western margin of Interstate 215, north of Perris. County utilized the Act as the funding mechanism for financing the construction of the necessary infrastructure (roads and utilities) to permit industrial development. (§ 53361.)

After forming CFD, County needed the vote of two-thirds of the property owners within CFD in a special election to authorize the sale of bonds to finance the improvements. (§§ 53326, 53328.) The property owners, including Harvills, voted to authorize the sale of bonds, thereby obligating themselves to pay special taxes, secured by a lien on the property, to pay off the bondholders. (§ 53358.) Following the special election, CFD issued its bonds to pay for the improvements. (§ 53318.)

Harvills owned 12 parcels (47 acres) of property within CFD. Harvills claim that before voting to authorize the sale of CFD bonds, they were told the improvements would be completed within nine months of sale of the bonds. They further claim they were told that upon completion, they would receive an owner participation agreement (OPA) which, upon sale or development of their property, would result in rebate of the incremental property tax increase to offset the special taxes owed by them or their purchaser.

---

*Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]All statutory references are to the Government Code unless otherwise specified.

Construction was plagued by delays, cost overruns and other factors, delaying completion until mid-1996. As a result, Harvills could not sell or develop their property, which was now worth less than taxes owed.[2] Harvills defaulted on payment of special taxes levied on their property for the 1994-1995 tax year.

CFD sued Harvills on behalf of the bondholders to foreclose the lien of special taxes.[3] In its answer, Harvills raised the affirmative defense that their nonpayment of taxes was excused by CFD's failure to timely complete the improvements.

CFD moved for summary judgment. In their separate statement in opposition to the summary judgment motion, Harvills conceded there was no triable issue of fact as to CFD's cause of action for foreclosure, instead relying on their affirmative defense that the obligation to pay taxes was excused for failure of consideration. The court granted summary judgment, finding it had no jurisdiction to prevent or enjoin the collection of special taxes where it was undisputed those taxes remained unpaid. Further, the court ruled, even if it did have jurisdiction, Harvills failed to show contract-based defenses apply to an action for foreclosure on a special tax lien.

In a postjudgment order, the court granted CFD's motion for attorney fees under section 53356.5.

DISCUSSION

I

Harvills contend the special election authorizing the sale of bonds created a contractual or quasi-contractual relationship between them and CFD. Thus, they assert, triable issues of fact exist as to whether CFD's failure to perform contractual obligations excused their nonpayment of special taxes.

Under section 53356.1, any delinquent special taxes, together with penalties, interest and costs, may be collected in an action brought in the superior court to foreclose the lien of special tax. A foreclosure action under the Act "shall be brought in the name of the local agency or trustee on behalf of the bondholders . . . ." (§ 53356.4.) The complaint need only allege: (1) on a

---

[2]Harvills and others sued County, CFD and others in the superior court for fraud and breach of contract, alleging the defendants fraudulently induced them to vote for the CFD taxes and the promised improvements were never timely completed.

[3]On Harvills' motion, the action was transferred to San Diego County.

stated date, a certain sum of special taxes, levied against the subject property, became delinquent; (2) on that date, bonds issued, payable in whole or in part by the subject special taxes, were outstanding; and (3) the legislative body or trustee has ordered the foreclosure. (§ 53356.4.) Here, the facts were undisputed the special taxes owed by Harvills were delinquent, the bonds issues as to those taxes were outstanding and CFD ordered the foreclosure.

Harvills attempt to defeat summary judgment by raising the affirmative defense of failure of consideration. However, although failure of consideration can constitute a defense to a cause of action for breach of contract (Civ. Code, § 1550, subd. 4), the complaint here is for foreclosure under the Act, not breach of contract. Thus, as a matter of law, failure of consideration is not a defense to this action.

Further, CFD is a nominal plaintiff only, suing on behalf of bondholders whose obligation was to pay for the bonds. Harvills submitted no evidence bondholders had any obligation to them related to construction of the improvements by CFD or County. Indeed, Harvills' responsive statement in support of their affirmative defense alleged only breaches of specific written contracts with CFD and County.

Even if, as Harvills claim, the special election created a relationship analogous to a contract or quasi-contract between them as voters and CFD as issuing entity, that relationship has no bearing on any potential defense in the foreclosure action for nonpayment of taxes. Bondholders are not parties to any such contract, which was formed well before bondholders purchased the bonds. Although Harvills cite numerous cases in support of their contract theory, none of the cases hold a voter-created contract requires purchasers of bonds under the Act to timely construct improvements financed by the bond purchase price.[4] Moreover, Harvills' reliance on *Sutter Basin Corp.* v. *Brown* (1953) 40 Cal.2d 235 [253 P.2d 649] and *Schuhart* v. *Pinguelo* (1991) 230 Cal.App.3d 1599 [282 Cal.Rptr. 144], is misplaced. Those cases hold a change in laws made after the issuance of assessment bonds which adversely impacts either bondholders or the owners of property secured by the bonds is an impermissible impairment of contract under the federal and California Constitutions. (*Sutter Basin Corp.* v. *Brown, supra*, 40 Cal.2d at pp. 241-242; *Schuhart* v. *Pinguelo, supra*, 230 Cal.App.3d at p. 1605.)

---

[4]Several cases cited by Harvills are mandamus proceedings involving the legislative body's ability to alter the use of bond funds or the terms of the bonds after the voters approved the indebtedness. (See *Metropolitan Water Dist.* v. *Dorff* (1982) 138 Cal.App.3d 388 [188 Cal.Rptr. 169]; *Associated Students of North Peralta Community College* v. *Board of Trustees* (1979) 92 Cal.App.3d 672 [155 Cal.Rptr. 250]; *Tooker* v. *San Francisco Bay Area Rapid Transit Dist.* (1972) 22 Cal.App.3d 643 [99 Cal.Rptr. 361]; *East Bay Mun. Util. Dist.* v. *Sindelar* (1971) 16 Cal.App.3d 910 [94 Cal.Rptr. 431]; *County of San Diego* v. *Perrigo* (1957) 155 Cal.App.2d 644 [318 P.2d 542].)

We further note that as a matter of public policy, a municipal bondholder's right to repayment cannot be frustrated by disputes between the issuing entity and the property owners regarding the use of bond proceeds. Indeed, the California Supreme Court has held the right of those entitled to payment of assessments to foreclose on property securing them for nonpayment cannot be defeated by alleged improper acts of the entity that levied the assessments. The power to levy assessments emanates from the power to tax, which is distinct from other claims, and thus, damage claims against the entity levying the assessments do not constitute defenses or offsets to actions for assessment collection. (*Hornung* v. *McCarthy* (1899) 126 Cal. 17, 21 [58 P. 303].) Even if the property owner had a claim against the government related to the improvements, " 'that would not interfere with the collection of the special tax bill for an improvement regularly made under the taxing power. The right of action which a person would have thus against the municipality would constitute no just defense to the claims of the contractor who had made the improvement, and to whom, under the law in question, the tax assessment is payable.' " (*Id.* at pp. 22-23; see also *Duncan* v. *Ramish* (1904) 142 Cal. 686, 693-694 [76 P. 661] [allegations of property owner's complaint as to damages caused by the work and absence of benefits from the work could not defeat the assessment, if proved].)

Similarly here, disputes between property owners and the issuing entity of bonds under the Act, whether related to construction of the improvements or other matters, cannot constitute defenses to an action by those entitled to payment to foreclose a lien securing a levy made under the taxing power. Harvills' claim CFD failed to perform contractual obligations, thereby excusing nonpayment of special taxes, is not a defense to this type of action.

## II

Harvills contend the court had jurisdiction to offset the amount of unpaid taxes based on CFD's failure to timely perform its contractual obligations. They assert Revenue and Taxation Code section 4807, on which the court relied, does not apply here because their affirmative defense did not attempt to "enjoin" the collection of any taxes.

Special taxes levied under the Act are, in the first instance, collected on the secured tax roll in the same manner as ad valorem property taxes and are subject to the same penalties on delinquency, that is, a tax collector's sale occurring more than five years after delinquency. (§ 53340, subd. (e); Rev. & Tax. Code, § 3691.) However, if that were the only remedy, bonds issued under the Act would be well into default before the property could be sold and, as a practical matter, those bonds would be difficult if not impossible to

market. Consequently, the Legislature provided that as a "cumulative" remedy to a tax collector's sale, outstanding bonds payable by the delinquent special taxes are subject to an immediate foreclosure action. (§§ 53356.1, subd. (a), 53356.4, subd. (b).) In this regard, the foreclosure remedy is solely for the benefit of the bondholders by facilitating prompt payment to them.

Harvills claim they are not contesting the amount of tax nor seeking to enjoin collection of unpaid taxes but instead want to have past unpaid taxes offset. However stated, Harvills' defense requests that the court find the special taxes are invalid because of claimed construction irregularities by CFD and County, and they effectively seek to prevent collection of these taxes by precluding a judgment of foreclosure. This they cannot do. Under Revenue and Taxation Code section 4807, "[n]o injunction or writ of mandate or other legal or equitable process shall issue in any suit . . . in any court against any county, municipality, or district . . . to prevent or enjoin the collection of property taxes sought to be collected."[5] The policy behind this provision is "to allow revenue collection to continue during litigation . . . ." (*Merced County Taxpayers' Assn.* v. *Cardella, supra,* 218 Cal.App.3d at pp. 400-401; see also *Pacific Gas & Electric Co.* v. *State Bd. of Equalization* (1980) 27 Cal.3d 277, 283 [165 Cal.Rptr. 122, 611 P.2d 463] [constitutional provision against preventing or enjoining collection of tax allows revenue collection during litigation]; *State Bd. of Equalization* v. *Superior Court* (1985) 39 Cal.3d 633, 638-639 [217 Cal.Rptr. 238, 703 P.2d 1131] [taxpayer not entitled to delays of litigation].) Thus, any legal action or defense seeking "prepayment adjudication that would effectively prevent the collection of a tax [is] barred." (*McKendry* v. *County of Kern* (1986) 180 Cal.App.3d 1165, 1170 [226 Cal.Rptr. 45].) Where, as here, it is undisputed Harvills' special taxes remain unpaid, the court cannot prevent or enjoin the collection of those taxes.

## III

In appealing the court's postjudgment order of costs and attorney fees, Harvills do not challenge the amount awarded to CFD, but only its entitlement to them. Having concluded summary judgment was properly granted in favor of CFD on its complaint to foreclose lien of special taxes, we further conclude CFD was entitled to its costs and attorney fees, calculated up to the date of judgment, under section 53356.5.

---

[5]This statutory provision was enacted to conform with California Constitution, article XIII, section 32, providing "[n]o legal or equitable process shall issue in any proceeding in any court against the State or any officer thereof to prevent or enjoin the collection of any tax." (See *Merced County Taxpayers' Assn.* v. *Cardella* (1990) 218 Cal.App.3d 396, 400-401 [267 Cal.Rptr. 62].)

CFD, as prevailing party, requests costs and attorney fees on appeal. █ Statutory authorization for recovering attorney fees in the trial court necessarily includes attorney fees incurred on appeal unless the statute specifically provides otherwise. (*Morcos* v. *Board of Retirement* (1990) 51 Cal.3d 924, 927 [275 Cal.Rptr. 187, 800 P.2d 543]; *Reveles* v. *Toyota by the Bay* (1997) 57 Cal.App.4th 1139, 1153-1154 [67 Cal.Rptr.2d 543].) Because section 53356.5 authorizes such an award, CFD is entitled to reasonable attorney fees, as well as costs, on appeal.

## DISPOSITION

The judgment and order are affirmed. The case is remanded to the superior court to determine and award reasonable statutory attorney fees to CFD for this appeal.

Work, Acting P. J., and O'Rourke, J., concurred.

A petition for a rehearing was denied September 2, 1999, and the opinion was modified to read as printed above.